UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMIANA ROSARIO, as Administratrix for the Estate of Josefina Benitez, ZION BRERETON, ALICIA LEARMONT, JAMES CHOI, and ANDREYA CRAWFORD, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>-against-<br><br>VALENTINO U.S.A., INC,<br><br>                              Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 9/20/2021<br><br>1:19-cv-11463-MKV<br><br>ORDER DENYING MOTION TO CERTIFY COLLECTIVE ACTION |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Damiana Rosario, as Administratrix for the Estate of Josefina Benitez, Zion Brereton, Alicia Learmont, James Choi, and Andreya Crawford, (together, "Plaintiffs"), bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. L<small>AB</small>. L<small>AW</small> §§ 195(1), 195(3) against Defendant Valentino U.S.A., Inc., ("Valentino"). Amended Complaint [ECF No. 18]. Plaintiffs allege that Valentino purposefully misclassified their employees as overtime-exempt and denied overtime wages per this misclassification when they were in fact non-exempt employees. Plaintiffs contend that as a result of this misclassification, they are entitled to backpay for unpaid wages and move to certify this putative collective action pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees. *See* Pls.' Mot. [ECF No. 62]. Plaintiffs seek to extend the class to all current and former non-executive corporate and retail employees who were previously classified as exempt and are now non-exempt. Pls.' Mem. [ECF No. 63] at 1. For the reasons discussed, Plaintiffs' Motion is DENIED.

1

BACKGROUND

Valentino is a well-known designer fashion brand that employs approximately 800 people in the United States, 300 of those employees in New York. Am. Compl. ¶ 3. Plaintiffs Josefina Benitez, Zion Brereton, Alicia Learmont, James Choi, and Andreya Crawford are former employees who worked at Valentino in various capacities. Am. Compl. ¶¶ 6-9. Ms. Learmont, who worked in Valentino's Human Resources Department, alleges that she witnessed widespread "self-serving" misclassification of Valentino's employees. Am. Compl. ¶ 6.

Ms. Learmont began her employment with Valentino in June 2015 as a Senior Manager of Payroll and Benefits in the New York Office. [ECF No. 65, ("Learmont Decl.") ¶ 7]. In that role, she oversaw Valentino's payroll and ensured that Valentino followed state and local laws. Learmont Decl. ¶ 8. Ms. Learmont alleges that she quickly learned that Valentino was potentially misclassifying many of its employees. Learmont Decl. ¶ 10. Within a month, Ms. Learmont apparently discussed her concerns with Valentino's CFO, Carmine Pappagallo. Learmont Decl. ¶ 12. Ms. Learmont claims that Ms. Pappagallo was aware of the widespread misclassification as she told Ms. Learmont that it was a deliberate decision to pay Valentino's employees by salary to make it easier to estimate Valentino's annual budget. Learmont Decl. ¶ 12.

Shortly after her conversation with Valentino's CFO, Ms. Learmont began conducting an in-depth analysis as to whether the classification of Valentino's employees was correct under FLSA guidelines. Learmont Decl. ¶ 16. Ms. Learmont directed her findings to Ms. Pappagallo and Chancey Hill, the Vice President of Human Resources, and claimed that there were multiple misclassified employees who were not receiving proper overtime. Learmont Decl. ¶ 17. Ms. Learmont then began working closely with Ms. Pappagallo and Valentino's CEO to make

reclassification changes. Learmont Decl. ¶¶ 18-19. However, despite the progress that Ms. Learmont and the Human Resources department had allegedly made regarding the reclassification project, the changes were put on hold and no next steps were taken until Spring 2018. Learmont Decl. ¶¶ 20-24.

The reclassification of Valentino's employees finally went into effect in early 2019, but Ms. Learmont alleges that Valentino still did not provide any backpay. Learmont Decl. ¶¶ 30-35. Ms. Learmont details multiple conversations with managers and employees who apparently explicitly told her they were working over forty hours a week and not receiving overtime before the reclassification, and thus should be entitled to backpay. Learmont Decl. ¶¶ 36-46. Specifically, Ms. Learmont notes her conversations with Zane Jones, who was the Vice President of Retail, that "many" retail employees were working over forty hours and did not receive overtime. Learmont Decl. ¶ 42. Ms. Learmont had a similar conversation with Katherine Kallison, who oversaw six people, and reported related concerns about the number of hours and unpaid overtime. Learmont Decl. ¶ 43.

In addition to the facts as asserted by Ms. Learmont, Plaintiffs James Choi and Andreya Crawford submit declarations alleging that they worked over forty hours a week when they were classified as exempt and did not receive overtime for their work because of their exemption status. [ECF No. 67, ("Crawford Decl."), ¶¶ 2-9; ECF No. 66, ("Choi Decl."), ¶¶ 2-9]. Ms Crawford, a Wholesale Customer Service Specialist, avers that during her time at Valentino's corporate office in New York, her duties consisted primarily of "data entry, invoicing, creating shipping orders, and working directly with the warehouses." Crawford Decl ¶ 5. Ms. Crawford alleges that regardless of the hours she worked, her paycheck read that she completed 86.67 hours of work and was paid a fixed salary. Crawford Decl. ¶ 6. Additionally, Ms. Crawford

notes that multiple times per year she would work fifteen-hour days during "marking time." Crawford Decl. ¶¶ 6-8. Ms. Crawford alleges that her long hours were not unique to her, and that she personally witnessed her entire team working at this pace without receiving overtime. Crawford Decl. ¶¶ 6-8. Because Ms. Crawford left before the reclassification, she states that she did not receive the benefit of overtime wages. Crawford Decl. ¶ 12. Ms. Crawford does not allege that her position was in fact reclassified in 2019. Crawford Decl. ¶ 12.

Mr. Choi details a similar experience while working for Valentino. While Mr. Choi was a Junior Financial Analyst, he was classified as exempt, and describes his duties as "financial planning, budgeting forecasting, and analyzing Valentino sales." Choi Decl. ¶¶ 3-5. Mr. Choi alleges that he endured many weeks working over forty hours, and he often witnessed many members of his team, and those employed in the accounting department, working similar hours. Choi Decl. ¶¶ 8-15. Despite the number of hours worked, he and his fellow team members were apparently not paid overtime. Choi Decl. ¶¶ 8-15. Mr. Choi also left before the 2019 reclassification and claims he did not receive the benefit of overtime payment. *See* Choi Decl. ¶ 16. However, he also does not allege that Junior Financial Analysts were in fact reclassified in 2019.

## LEGAL STANDARD

The Second Circuit has implemented a two-step process to certify collective actions under the FLSA. *Id.* During the initial step, the Court must make a determination about whether notice to potential opt-in plaintiffs should be sent. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Then, during the second step, the Court determines whether the collective action may go forward "by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.*

4

During the initial step for conditional certification, Plaintiffs must make a "'modest factual showing'" that they and other potential opt in plaintiffs are similarly situated. *Bittencourt*, 310 F.R.D. at 111 (quoting *Myers*, 624 F.3d at 555). Plaintiffs must show that "'together [they] were victims of a common policy or plan that violated the law.'" *Bittencourt*, 310 F.R.D. at 11 (quoting *Myers*, 624 F.3d at 555). Plaintiffs need to have "some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Myers*, 624 F.3d at 555 (quoting *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1259 (11th Cir. 2008)); *see also*, *Jackson v. Bloomberg, L.P.,* 298 F.R.D. 152, 158 (S.D.N.Y. 2014).

Plaintiffs must demonstrate that they are similarly situated "not only with respect to the employer's conduct toward them, but also in their job responsibilities." *Cunningham v. Electronic Data Systems Corp.*, 754 F. Supp. 2d 638, 648 (S.D.N.Y. 2010) (applying *Myers*). "The test articulated by *Myers*, therefore, requires plaintiffs in FLSA exemption cases to show both that there are other employees who are similarly situated with respect to their job requirements and pay provisions, and that they are classified as exempt pursuant to a common policy or scheme." *Id.* The court must be able to identify some "factual nexus which binds [Plaintiffs] and potential class members together." *Julian v. MetLife, Inc.,* 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018) (internal quotation marks omitted). While job requirements, duties, and titles between the potential plaintiffs need not be "perfectly identical," Plaintiffs must "show that they are similar." *Romero v. H.B. Auto. Grp., Inc., No.* 11-CV-386 (CM), 2012 WL 1514810, at *8, 14 (S.D.N.Y. May 1, 2012).

Plaintiff bears the burden at this stage to show that they and other potential opt in plaintiffs are similarly situated. *See Julian*, 298 F. Supp. 3d at 702. Plaintiffs may make this

5

showing by relying on their own pleadings and affidavits. *Bittencourt*, 310 F.R.D. at 111. And while the burden on plaintiffs at this stage is "low it is not non-existent—'certification is not automatic.'" *Romero*, 2012 WL 1514810, at *10 (quoting *Raniere v. Citigroup Inc.*, 827 F.Supp.2d 294, 320 (2011)). Plaintiffs may not rely on "conclusory allegations" within their pleadings and affidavits to meet this threshold. *Raniere*, 827 F.Supp.2d at 319. When evaluating plaintiffs' pleadings during this preliminary stage "the court does not resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson*, 298 F.R.D. at 158 (quoting *Lynch v. United Services Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

## DISCUSSION

It is undisputed that Valentino re-classified some of its employees in 2019 from exempt to non-exempt status. Am. Compl. ¶ 10; Def. Opp. [ECF No. 73] at 5. Plaintiffs allege that Valentino's reclassification of their positions demonstrates that Valentino was "acknowledging its past flagrant violations" and thus entitles Plaintiffs to backpay. Am. Compl. ¶ 10. The Court, however, will not assume that the re-classification of employees is "an admission of improper classification," and, alone, a reclassification of an employee's position is "insufficient to justify conditional certification." *Brown v. Barnes and Noble, Inc.,* 1:16-cv-07333 (KHP), 2018 WL 3105068, at *17 (S.D.N.Y. June 25, 2018). Instead, Plaintiffs must show they were misclassified "as exempt pursuant to a common policy or scheme," and that they are similarly situated "not only with respect to the employer's conduct toward them, but also in their job responsibilities." *Cunningham v. Electronic Data Systems Corp.*, 754 F.Supp.2d 638, 648 (S.D.N.Y. 2010).

### A. Valentino's Reclassification of Employees in 2019 is Insufficient to Establish a Common Policy Violation

Plaintiffs allege that Valentino "reclassified its workforce in accordance with Federal and State law." Am. Compl. ¶ 10. However, Plaintiffs cannot rest their allegation that the wide number of putative plaintiffs are subject to a common policy or scheme based on the reclassification of certain employees "who were misclassified as 'exempt.'" *McDermott v. Federal Savings Bank,* 2018 WL 1865916 at *6 n.3 (E.D.N.Y. Apr. 18, 2018) ("A blanket decision to reclassify employees is not sufficient to establish that potential plaintiffs were victims of a common policy that violated the law."); *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012) ("As numerous courts in this Circuit have held, the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as similarly situated" for collective certification) (internal quotation marks omitted). Plaintiffs base their "common policy" argument on the fact that Valentino employees were reclassified in 2019. That is insufficient to establish a common policy. *See Brown*, 2018 WL 3105068, at *17.

### B. Plaintiffs Fail to Show That They are Similarly Situated

Plaintiffs also cannot show that that all current and former non-executive corporate and retail employees who were reclassified—the members of Plaintiffs' putative collective—are similarly situated "not only with respect to the employer's conduct toward them, but also in their job responsibilities." *Cunningham*, 754 at 648. Even if this Court were to assume that the 2019 reclassification constituted a common policy *per se*, "reclassification to a non-exempt status involves no risk of misclassification or potential violation of wage laws and says nothing about primary duties." *Brown*, 2018 WL 3105068, at *17. Plaintiffs do not specify which exact

positions are included in the putative "workforce" they seek to represent, Pls.' Mem. at 1, and the Court cannot guess which employees or positions specifically Plaintiffs wish to represent. Nonetheless, Plaintiffs apparently intend to represent "all current and former non-executive corporate and retail employees, who worked for Defendant in the United States during the statutory period, who were misclassified as 'exempt' from overtime pay, when they were, in fact, 'nonexempt' under FLSA from overtime pay." Pls.' Mem. at 1. No positions or departments are named, let alone any duties that could lead to an inference of similarities among job responsibilities. The very fact that Plaintiffs seek to include both corporate and retail employees undercuts any claim that all employees in the workforce who were reclassified were similarly situated.

Plaintiffs note that Ms. Benitez, Ms. Brereton, Ms. Crawford, and Mr. Choi all worked overtime and allegedly were not paid for that work. Am. Compl. ¶¶ 6-9. However, Plaintiffs allege no commonality between any Valentino positions except that each of the Plaintiffs were wrongly classified as exempt and not paid overtime wages, and subsequently reclassified as non-exempt in 2019. However, as noted, "reclassification to a non-exempt status involves no risk of misclassification or potential violation of wage laws and says nothing about primary duties." *Brown*, 2018 WL 3105068, at *17. The only jobs and duties that the Plaintiffs arguably identify are the responsibilities mentioned in Plaintiffs' declarations in support of their Motion. *See* Choi Decl. [ECF No. 66]; Crawford Decl. [ECF No. 67]. Mr. Choi describes his primary responsibility as "financial planning, budgeting forecasting, and analysis of Valentino sales." [Choi Decl. ¶ 5]. Ms. Crawford details her position as primarily "data entry, invoicing, creating shipping orders, making sure the warehouse was getting the orders out in a timely manner, placing Return Authorizations for goods to come back, working with Accounts Receivable to get

payment for specialty customers' orders, as well as working with the sales team." Crawford Decl. ¶ 5. Plaintiffs do not even allege that their duties overlap with each other, let alone with others who could comprise the putative class of collective action plaintiffs.

In their declarations, Plaintiffs identify various members of various teams they allege also worked overtime but did not receive overtime pay. *See* Choi Decl. ¶¶ 12-15; Crawford Decl. ¶ 10-12. But Plaintiffs never claim that these co-workers were misclassified, they simply state that they "were never paid overtime wages." *See, e.g.*, Crawford Decl. ¶ 10. What's more, Plaintiffs do not claim that these co-workers were subsequently reclassified. Even if they did, "the Court does not draw any conclusions as to the truth of such an assertion or deem the change in classification as an admission of improper classification." *Brown*, 2018 WL 3105068, at *17

Before it can certify a collective, the Court must be able to draw a common nexus among the Plaintiffs and the putative collective action plaintiffs. *See Julian*, 298 F. Supp. 3d at 702. Plaintiffs have not carried their burden of demonstrating the requisite nexus since the Plaintiffs fail to identify any jobs or responsibilities shared in common with the broadly identified putative plaintiffs. *See Bittencourt*, 310 F.R.D. at 116 (certification improper where "the plaintiff has not established the required factual nexus and the proposed class is overbroad."); *Cunningham*, 754 F.Supp.2d at 648. (stating "plaintiffs in FLSA exemption cases [must] . . . show. . . that there are other employees who are similarly situated with respect to their job requirements.").

## CONCLUSION

The Court at this time declines to make any factual determinations regarding whether Mr. Choi, Ms. Crawford, Ms. Beneitez, or Ms. Bereton were in fact misclassified during their time at Valentino. The Court cannot grant conditional certification because Plaintiffs fail to establish a cognizable common policy or scheme, or similar job responsibilities, that could support

conditional certification. Plaintiffs' Motion for Conditional Certification is therefore DENIED.

The Clerk of the Court respectfully is requested to close the motion at ECF No. 62.

**SO ORDERED.**

                                                                       */s/ Mary Kay Vyskocil*

**Date: September 20, 2021**                      **MARY KAY VYSKOCIL**
**New York, NY**                                      **United States District Judge**