USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2022

February 16, 2022

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Rosario ex rel. Benitez, et al. v. Valentino U.S.A., Inc.*, **Dkt. No.: 19-cv-11463**

Dear Judge Vyskocil:

      We represent the parties in the above-referenced action. We submit this joint letter pursuant to Rule 3.D of Your Honor's Individual Rules and Local Civil Rule 37.2 to request a pre-motion discovery conference. The parties have met and conferred and once again reached an impasse. The dispute concerns the scope of Plaintiffs' Second Amended Notice of Deposition pursuant to Rule 30(b)(6) ("Notice"), attached hereto as **Exhibit 1**, and whether and to what extent Plaintiffs can use certain documents in this matter.

### I.    Plaintiffs' Position

      Defendant argues that facts relating to class certification are irrelevant to this action for two reasons: first, because the Court denied Plaintiffs' motion for conditional certification under the FLSA; second, because Judge Lehrburger ordered Defendant to produce documents under the "at issue" waiver doctrine only pertaining to the named Plaintiffs. Defendant's argument is baseless and must be rejected. Plainly, Plaintiffs' Rule 23 claims remain at issue and are an active part of this case and controversy. While the Court denied Plaintiffs' motion for conditional certification, the Court required Plaintiffs to file their motion before the parties engaged in discovery. Since then, the parties have exchanged thousands of documents and electronically stored information ("ESI"), revealing that Plaintiffs can indeed certify two putative classes.

#### A.    *The Putative Classes and Evidence in Support of Class Certification*

      First, Plaintiffs Choi, Benitez,[1] and Crawford have asserted claims for unpaid overtime compensation on behalf of themselves and a putative class of Defendant's employees. Plaintiffs contend that Defendant uniformly misclassified its workforce, and that when they were reclassified, Defendant chose not to pay them any backpay overtime. Second, Plaintiffs Crawford and Brereton assert claims for unpaid overtime compensation on behalf of themselves and a putative class of Valentino "freelancers" who Defendant uniformly misclassified as independent contractors, also resulting in unpaid overtime compensation. Plaintiffs intend to file a motion for class certification under Rule 23 for both classes.

      Regarding the "freelancer" class: around December 2015, Defendant uniformly transferred thirty-to-fifty "freelancers" from Defendant's payroll to the payroll of a third-party company, Pyramid Consulting Group ("Pyramid"). Before this transfer, "freelancers" were not paid overtime; Defendant instead paid them on either an hourly or day-rate basis. After their transfer,

---

[1] As the Court knows, Plaintiff Benitez passed away and the administratrix of her estate, Damiana Rosario, has also passed away. On January 29, 2022, Plaintiffs filed a Suggestion of Death for Ms. Rosario (Docket No. 98). Plaintiffs have begun the process to substitute Ms. Benitez's father, Rogelio Benitez, as Plaintiff.

Pyramid purportedly paid Defendant's "freelancers" overtime compensation when their workweeks exceeded forty hours. This change in compensation strongly indicates that Plaintiffs Crawford and Brereton have meritorious claims certifiable under Rule 23. Regarding the employee class: discovery has revealed common unlawful policies applicable to seemingly all corporate employees. This includes Defendant's practice of requiring certain misclassified employees to work hours beyond their regular shift - - either during evenings or weekends - - and rewarding them with paid time off, or "comp time," rather than overtime compensation.[2] In addition, discovery confirms there are many more employees beyond the named Plaintiffs who were reclassified in 2019 and who worked in either comparable job titles or positions within Defendant's corporate hierarchy. Even more glaring, discovery has also established that Defendant undertook a broad investigation in 2016 into whether groups of employees were misclassified, yet seemingly never reclassified any of those employees until 2019. Based on the foregoing, Plaintiffs should be permitted to explore pay and classification policies that applied equally to the Plaintiffs and putative class members. Defendant cannot be permitted to rest its entire defense to Plaintiffs' class certification claims on the Court's pre-discovery conditional certification decision, and Judge Lehrburger's partly granting Plaintiffs' motion to compel.

### B. *Plaintiffs should be permitted to use the Learmont Documents*

Plaintiffs request that the Court enter an order permitting them to use any documents bearing the Bates prefix "ALearmont_Mis" in support of their case in chief (subject to any applicable Rules of Evidence). As the Court knows, Plaintiff Learmont consented to the forensic imaging of her personal computer and cell phone after Defendant claimed that she had misappropriated documents. Defendant hired a third-party, KLD Discovery, to search her devices. As a result, KLD Discovery produced more than 30,000 documents *to both* parties. Critically, there is no dispute that these documents are **not** privileged, as any privileged documents have already been returned to Defendant and destroyed from Plaintiffs' (or counsel's) possession. Nevertheless, Defendant has tagged *all* of the "ALearmont_Mis" documents as "ATTORNEYS' EYES ONLY," and now argue that Plaintiffs cannot use them at all because "they were misappropriated." But these documents contain plainly discoverable and directly relevant information including, e.g., emails between Plaintiffs and Defendant's employees or management discussing employee classification as exempt or non-exempt.

Without question, Plaintiffs should be permitted to rely upon these documents in their case in chief. They are directly relevant to the claims and defenses of the parties, *not* merely Defendant's counterclaims. As for Defendant's argument that they were "misappropriated:" even if all 30,000 documents *were* in Plaintiff Learmont's possession at the time KLD Discovery imaged her laptop and cell phone, there is no dispute that these documents originated in Defendant's possession, custody, and control. As a result, Defendant would have been obligated to produce these very same documents had KLD Discovery not done so *on Defendant's behalf*. Regardless of their Bates label, the documents are relevant to the claims and defenses in Plaintiffs' case. Moreover, Defendant has no proportionality objection, as these documents were already exchanged. Thus, because relevance is clear from the face of the documents, it would be patently unfair, unreasonable, and against the spirit of discovery to preclude Plaintiffs from using these documents. The Court should enter an order rescinding Defendant's "ATTORNEYS' EYES ONLY" designation (subject to necessary redactions of any social security numbers, addresses, or leave-related personal information). The

---

[2] This is a paradigmatic example of an unlawful overtime violation. *E.g., Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 528-29 (S.D.N.Y. 2014) (granting summary judgment to plaintiffs when defendant paid employees comp time in lieu of overtime compensation for hours worked over forty in a week).

Court should further order that Plaintiffs may rely upon these documents when questioning witnesses, in support of any forthcoming motion, or at any hearings or at trial (again, subject to any applicable Rules of Evidence).

## II.  Defendant's Position

### A.  *Plaintiffs Are Not Entitled to Evidence Related to Any Putative Classes*

Plaintiffs' 30(b)(6) Notice is overbroad in scope, and seeks information that is neither relevant to the claims nor Valentino's defenses. Plaintiffs essentially claim that they are somehow entitled to obtain discovery regarding positions and employees that are not in any way at issue in this action, merely by virtue of continuing to pursue Rule 23 certification of their misclassification claims. For example, Topic 2 seeks testimony regarding hundreds of employees, whose job classifications and confidential personal information are entirely irrelevant. The scope of this Topic, and equally overbroad Topics 1, 3, 4, 5, 6, 7, 9 and 10, far exceed the needs of this case and imposes an undue and disproportionate burden on Valentino. In reviewing the privileged communications dispute referred to him last month, Judge Lehrburger made clear that he "agree[d] with the defendants that [plaintiffs] having been denied collective certification, which is a much lower standard, it will be that much more difficult and unlikely to establish a class action." (Jan. 4, 2022 Hrg. Transcript at 4-5). As a result, the Court found that only a limited at issue waiver existed, "solely with respect to the individually named Plaintiffs asserting misclassification claims." (ECF No. 95). This means Plaintiffs Brereton, Choi, and Crawford, not all Plaintiffs as counsel appears to suggest. Additionally, the Court recognized that despite the theoretical "potential to certify a class, that does not, for class certification purposes, result in an at issue waiver beyond the individuals who currently have that claim." (Jan. 4, 2022 Hrg. Transcript at 33). By the same judicial logic and reasoning, the scope of the 30(b)(6) deposition at issue should likewise be limited to that which has been determined to be relevant to Plaintiffs' specific misclassification claims.

To that end, Plaintiffs' assertions as to the relevance of certain discovery is misguided. Contrary to their representations, there is no discovery supporting that Plaintiff Crawford was ever anything other than an employee of Valentino. Plaintiff Crawford has never asserted that she was a "freelancer," or converted to an independent contractor status so that Valentino could avoid paying her overtime. *See* Am. Compl. ¶¶ 110-123 (ECF No. 18); Declaration of Andreya Crawford ¶¶ 2, 10, 12 (ECF No. 67). There is also no evidence that Defendant had any practice of "requiring certain misclassified employees to work hours beyond their regular shift" and be compensated with "comp time," nor have any of the Plaintiffs claimed to have been affected by any such decision. Thus, Plaintiffs' attempt to somehow bifurcate two classes that contradict their pleadings in this case is entirely unsupported. To the extent that Plaintiffs believe any other topics of company-wide discovery is critical to their putative class, then they should have moved for class certification months ago when the purportedly relevant misappropriated information was produced. As noted in the Court's Order denying Plaintiffs' motion for conditional certification of a FLSA collective action, Valentino's decision to reclassify some employees in 2019 rather than some earlier date is neither indicia nor "admission of improper classification." (ECF No. 85 at 9).

Setting these discrepancies aside, Defendant has no objection to producing its representative(s) to testify about topics relevant to the actual affirmative claims of Plaintiffs Brereton, Choi, and Crawford. This approach is in line with case law holding that discovery prior to class certification should be more limited than post-certification discovery and be limited to the individual plaintiffs and their specific positions, rather than all employees and the entire spectrum

of job titles. *See, e.g.*, *Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) (n. 7, collecting authorities); *Charles v. Nationwide Mut. Ins. Co.*, No. 09-CV-94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *21-22 (E.D.N.Y. May 27, 2010); *Brown v. Barnes & Noble, Inc.*, No. 1:16-cCV-07333 (RA) (KHP), 2018 U.S. Dist. LEXIS 106098, at *54 (S.D.N.Y. June 25, 2018); *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir. 2010).

Finally, while the late Plaintiff Benitez did raise misclassification claims, Plaintiffs' Motion should be denied to the extent that it seeks additional discovery related to her, as Plaintiffs' counsel appears to have lacked the authority to issue the Notice or carry out any other actions on behalf of her estate following her sister Ms. Rosario's death on September 30, 2021. While Plaintiffs' counsel has advised that her father Mr. Benitez who resides in the Dominican Republic has indicated his intent proceed as the new Administrator, Plaintiffs' counsel has no basis under which to continue litigation on behalf of Plaintiff Benitez or Ms. Rosario unless and until that substitution becomes effective. Accordingly, Defendant respectfully requests that Topics 1, 2, 3, 4, 6, 7, 8, and 9 be limited to the actual affirmative claims of Plaintiffs Brereton, Choi, and Crawford.

### B. *Plaintiffs Fail to Establish the Need for Misappropriated Documents*

To the extent that Plaintiffs seek to use documents misappropriated by Plaintiff Learmont that are in Defendant's custody and control, such use should be limited to only those documents related to the individual Plaintiffs' claims. Defendant labeled the misappropriated documents as "ATTORNEYS' EYES ONLY," because *but for* Plaintiff Learmont's decision to take thousands of pages of confidential information from Valentino that concerns hundreds of Valentino's current and former employees, Defendant would not have produced any such information in discovery.[3] To be clear, however, Defendant has not conducted itself as if an unconditional ban on use of misappropriated documents is in place. Indeed, Plaintiff Learmont attached several misappropriated documents to her Declaration in support of Plaintiffs' motion for conditional certification, and the only information and documents that Defendant sought to have redacted or removed were those related to or constituting privileged communications. In other words, contrary to Plaintiffs' assertions, they have had the benefit of these documents for months and have still failed to move for class certification.[4]

Defendant's position on this issue is that, for the reasons explained above, the only documents relevant to this action are those concerning the claims of the individual Plaintiffs. The overwhelming majority of documents misappropriated by Plaintiff Learmont are decidedly not relevant, and unless Plaintiffs can proffer how any of those documents are aimed at shedding light on the named Plaintiffs' specific claims rather than some vague idea of a putative class, then those documents should remain designated as Attorney's Eyes Only and not be shared with Plaintiffs or used as a purported basis to justify Plaintiffs' "fishing expedition" topics at a 30(b)(6) deposition requiring Defendant to try to prepare representative(s) to testify about matters not relevant to the claims and defenses. Plaintiffs have had all the information needed for months and could have avoided the need to explore the vast majority of 30(b)(6) Topics noticed had they not delayed in moving for class certification.

---

[3] Contrary to Plaintiffs' assertion, Plaintiff Learmont's cell phone was not examined by KLD based on the Parties' ESI Protocol.

[4] Notably, Defendant agreed to revisit the Attorney's Eyes Only designation, as necessary. Nothing precludes Plaintiffs from submitting documents to the Court for review, under seal or otherwise, with Defendant's consent.

### III.     Conclusion

We thank the Court for its time and attention to this matter.

Respectfully submitted,

| | |
|---|---|
| _____/S/_____ | _____/S/_____ |
| Michael R. Minkoff, Esq. | John B. Fulfree, Esq. |
| JOSEPH & NORINSBERG, LLC | MORRISON COHEN LLP |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

**This letter states that the Notice of Deposition is attached as Exhibit 1, however there appears to be no exhibits to the letter. The Parties are directed to file the at-issue Notice of Deposition on the docket on or before February 25, 2022. SO ORDERED.**

Date: 2/24/2022
New York, New York

Mary Kay Vyskocil
United States District Judge

5