February 21, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2023
```

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    <u>***Benitez, et al. v. Valentino U.S.A., Inc.* 19 Civ. 11463 (MKV) (RWL)**</u>

Dear Judge Vyskocil:

    The parties submit this joint letter to respectfully respond to the Court's February 14, 2023 endorsed order pertaining to the parties' proposed briefing schedule for their respective motions for summary judgment. (ECF 145; the "Order"). This joint letter sets forth the parties' respective positions below for the Court's consideration:

**Plaintiffs' Position**

    The Court should consider both parties' motions for summary judgment and Plaintiffs' pending Rule 23 motion for class certification ***concurrently*** because the overwhelming majority of the issues to be addressed on summary judgment largely overlap with the facts, law, and arguments in Plaintiffs' Rule 23 motion. Specifically, Plaintiffs are prepared to move on three narrow issues: First, whether Defendant's "comp time" practice and other incentive compensation and benefits paid to Plaintiffs when working over forty hours destroys the salary basis test, as well as the impact this practice has on the computation of overtime damages. This is consistent with Plaintiffs' principal argument on their Rule 23 motion. Second, whether Defendant's failure to keep and preserve accurate, contemporaneous time records - - both for the Plaintiffs Choi, Crawford, and Benitez during their tenure as "employees," and for Plaintiffs Crawford and Brereton during their tenures as "Freelancers" prior to Defendant's retention of Pyramid Consulting Group - - triggers the *Anderson v. Mount Clemens Pottery Co.* burden shifting framework. *See* 328 U.S. 680, 687 (1946). And third, whether Defendant's wage notices issued upon hire, and wage statements provided on each pay day, violated Sections 195(1) and (3) of the New York Labor Law.

    Each of these three issues serve as the primary common questions of law and fact that Plaintiffs directly briefed on their Rule 23 motion. Indeed, the voluminous factual record submitted in support of Plaintiffs' pending Rule 23 motion will largely mirror what will undoubtedly be a similarly, if not more voluminous record on the parties' summary judgment motions. For example, Defendant has represented that, among other issues, it plans to move on the substantive questions of Plaintiffs Choi, Crawford, and Benitez's status as exempt vs. non-exempt employees - - the central issue underlying the "Full Time Employee" class addressed in Plaintiffs' Rule 23 motion. Defendant has also represented that it plans to move on Plaintiffs Crawford and Brereton's status as independent contractors during their tenure as "freelancers" prior to December 17, 2015 - - the central issue underlying the "Freelancer" class addressed in the other half of Plaintiffs' Rule 23 motion. These issues will rely on those Plaintiffs' deposition testimony, email and other documentary evidence, and testimony from Defendant's management / executives / Rule 30(b)(6) representative. All of this evidence makes up the record already submitted in support of Plaintiffs' pending Rule 23 motion. Thus, delaying consideration of Plaintiffs' Rule 23 motion until after such time as the Court rules on summary judgment will serve to double the Court's efforts, needing to twice review essentially the same record, to address factual and legal

questions that largely overlap. Plaintiffs submit that the Court should instead consider each motion together.

Questions relating to status as "employees" or "independent contractors," and "exempt" or "non-exempt" status are rarely suited for summary judgment because employers' arguments must rely on whether the plaintiffs' primary job duties rose to the level of exempt employees. These are fact-intensive questions based on several factors that are not typically resolved at the summary judgment stage and which are easily disputed both through deposition testimony and documentary evidence. Plaintiffs' forthcoming motion, in contrast, turns on exclusively *un*disputed facts, to wit: (1) Defendant paid Plaintiffs Choi, Crawford, and Benitez additional compensation and benefits when working overtime beyond forty hours in a week; (2) Defendant did not keep or preserve time records regarding Choi, Crawford or Benitez's work, nor for Crawrford and Brereton during their tenures as "Freelancers" prior to December 17, 2015; and (3) Defendant issued Plaintiffs Choi, Crawford, and Benitez wage notices upon hire that made no mention of overtime entitlement, and similarly issued them wage statements on each pay day that failed to include their actual, accurate hours worked, or their owed overtime compensation.

None of the issues on Plaintiffs' forthcoming summary judgment motion turn on the murky, fact-intensive questions of each Plaintiff's primary job duties, sharply contrasting with Defendant's forthcoming motion. Thus, given the strong likelihood that Plaintiffs Choi, Crawford, Brereton and Benitez's claims will survive summary judgment, delaying consideration of Plaintiffs' Rule 23 motion will only serve to unnecessarily protract this litigation by many months to the detriment of the parties, and the Court's docket. In the alternative, to the extent that the parties' ultimate motions will differ from what they have represented to each other over the course of their briefing schedule negotiations, Plaintiffs respectfully submit that the Court should reserve ruling on the order in which it will consider the parties' motions (including Plaintiffs' pending Rule 23 motion) until after receiving and reviewing the parties' pre-motions letters and Local Rule 56.1 Statements of Material Facts, due to be submitted on March 10, 2023. Reviewing the parties' respective Rule 56.1 Statements will reveal whether, and to what extent, likely disputed issues of material fact will pervade either of their motions, demonstrating the likely success (or failure), and underscoring the expedience of considering Plaintiffs' pending Rule 23 motion along with the parties' summary judgment motions, preserving the Court's valuable time and resources while perfectly harmonizing with Rule 1's central purpose to ensure "the just, speedy, and inexpensive determination of every action and proceeding."

**Defendant's Position**

The Court's Order instructs the parties that if they "believe that the class certification motion must be resolved first, they should state the reasons for why that is the case." ***While all the parties believe that the class certification motion need not be resolved first***, the Plaintiffs nonetheless felt it was necessary to make a lengthy submission to this Court purportedly to explain why the summary judgment and class certifications motions should be decided ***concurrently***. In so doing, Plaintiffs chose to unnecessarily preview their substantive arguments and improperly speculate as to evidence that may be submitted in connection with the summary judgment motions yet to be filed. We will not waste the Court's time in responding to those contentions (reserving our rights to do so when more appropriate) and instead will simply address the question the Court directed be answered.

It is well settled that courts have the discretion to decide motions in whatever order they choose. "Courts are not required to decide class certification before reaching the merits of a case." *Kurtz v.*

*Kimberly-Clark Corp.*, 321 F.R.D. 482, 507 (E.D.N.Y. 2017). For example, in *Schweizer v. Trans Union Corp.*, the Second Circuit held that the "decision to award summary judgment before acting on class certification [on FDCPA claims] was well within the discretion of the district court," and rejected plaintiff's argument that class certification need be addressed first as "without merit." 136 F.3d 233, 239 (2d Cir. 1998). The Second Circuit noted that the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), "makes clear that the determination of whether a class meets the requirements of Rule 23 must be performed separately from the determination of the merits, *but it does not require that class certification be addressed first*." *Schweizer*, 136 F.3d at 239 (emphasis added). The *Schwiezer* court further ruled that "[t]here is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification." *Id.* (citations and internal quotation marks omitted).

At a minimum, Defendant's anticipated motions for summary judgment on Plaintiff Choi, Brereton, Crawford and Benitez's Fair Labor Standards Act and New York Labor Law claims, and counterclaims against Plaintiff Learmont, would narrow the scope of the class certification motion or render it moot in the event that none of Plaintiffs' wage and hour claims survive. Indeed, the Second Circuit has held that holding class certification in abeyance is appropriate where resolution of the dispositive issue will "necessarily inform and perhaps moot" class certification issues and where the party opposing abeyance would not be prejudiced. *See Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134-35 (2d Cir. 2013); *Schultz v. Stoner*, No. 00 Civ. 0439 (LTS), 2009 U.S. Dist. LEXIS 14398, at *17 (S.D.N.Y. Feb. 24, 2009) (holding class certification in abeyance pending resolution of summary judgment motions). New York District Courts have also held class certification in abeyance where a summary judgment motion might impact the proposed notice(s) to the prospective class. *See, e.g., Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19 CV 275 (FB) (CLP), 2022 U.S. Dist. LEXIS 48699, at *22 (E.D.N.Y. Jan. 10, 2022) ("[w]aiting for resolution of the motions before sending the notices would ensure that plaintiff is not later required to send amended notices in the event a summary judgment motion is filed"). Therefore, the same discretionary treatment of holding the class certification motion in abeyance pending determination of the summary judgment motions is warranted here. *See Schweizer* 136 F.3d at 239; *see, e.g. Myers v. Hertz Corp.*, 624 F.3d 537, 546-47 (2d Cir. 2010) (no abuse of discretion in denying class certification, noting that "implicit" in this "deferential" standard when applied in the class action context "is a recognition of . . . the district court's inherent power to manage and control pending litigation.") (quotation omitted).

Plaintiffs' assertion that the issue of misclassification is not ripe for summary judgment is not only premature, it is untrue with respect to both employees and independent contractors. *See, e.g., Myers*, 624 F.3d at 549 (citing *Mevorah v. Wells Fargo Home Mortg. (In re Wells Fargo Home Mortg.)*, 571 F.3d 953, 958 (9th Cir. 2009) (district court abused discretion in certifying class, as common exemption policy did not eliminate the need to determine whether individual class members had similar duties); *Callari v. Blackman Plumbing Supply, Inc.*, 307 F.R.D. 67, 80-82 (E.D.N.Y. 2015) (individual determinations required as to overtime exemption application for branch managers, "precisely the kind of the determinations that render certification inappropriate."); *Flood v. Just Energy Mktg. Corp.*, No. 7:15-cv-2012 (KBF), 2017 U.S. Dist. LEXIS 60337, at *24 (S.D.N.Y. Jan. 20, 2017) (resolving summary judgment motion as to independent contractor classification before denying class certification motion as moot).

Hon. Mary Kay Vyskocil
Page 4

      Accordingly, in the interests of efficiency and judicial economy set forth in Fed. R. Civ. P. 1, the Court should consider and resolve the parties' motions for summary judgment, thereby likely narrowing the scope of future litigation, before deciding Plaintiffs' class action motion. Such discretion in determining these motions is consistent with District Courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citation omitted).

**Conclusion**

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Michael R. Minkoff
Michael R. Minkoff, Esq.
JOSEPH & NORINSBERG, LLC
*Counsel for Plaintiffs*

/s/ Fred H. Perkins
Fred H. Perkins, Esq.
MORRISON COHEN LLP
*Counsel for Defendant*

---

The Court hereby denies without prejudice Plaintiffs' pending motion for class certification, which all parties agree need not be resolved before the contemplated summary judgment motions have been resolved. The denial is without prejudice to the Plaintiffs' right to move anew for class certification following summary judgment.

The Clerk of Court respectfully is requested to close the motion pending at ECF No. 120.

Date: 2/23/2023
New York, New York

*Mary Kay Vyskocil* (signature)
Mary Kay Vyskocil
United States District Judge