ROGELIO BENITEZ, as Administrator of the Estate of
Josefina Benitez, ZION BRERETON, ALICIA
LEARMONT, JAMES CHOI and ANDREYA
CRAWFORD, *on behalf of themselves and all others
similarly situated*,

        Docket No.:
        19-cv-11463 (JGLC)(RWL)

        Plaintiffs,

-against-

VALENTINO U.S.A., INC.,

        Defendant.
-------------------------------------------------------------------X

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR RENEWED MOTION FOR CLASS CERTIFICATION UNDER FED.R.CIV.P 23

JOSEPH & NORINSBERG, LLC

Jon L. Norinsberg, Esq.
Michael R. Minkoff, Esq.
110 East 59th Street, Suite 2300
New York, NY 10022
(212) 227-5700

*Counsel for Plaintiffs and the
Putative Classes*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

I.     DEFENDANT ERRONEOUSLY CONFLATES PLAINTIFFS' PRIOR CONDITIONAL CERTIFICATION MOTION WITH THIS RULE 23 MOTION. ......... 1

II.    DEFENDANT MISREPRESENTS PLAINTIFFS' CLASS DEFINITIONS AND EVIDENCE IN SUPPORT OF ASCERTAINABILITY. ................................................. 2

III.   DEFENDANT IMPROPERLY POINTS TO THE COURT'S SUMMARY JUDGMENT DECISION WHILE THE ORDER SUPPORTS CERTIFICATION. ............................... 4

IV.   DEFENDANT BASELESSLY CHALLENGES EACH RULE 23(a) FACTOR, DESPITE VOLUMINOUS RECORD EVIDENCE SATISFYING ALL FACTORS. ..... 5

     A.    Numerosity: Defendant's Admissions Establish Numerosity For Both Classes. ... 5

     B.    Commonality: Defendant Completely Ignores Plaintiffs' Arguments Based on Defendant's Own Practices and Policies Causing the "Same Injury" Class-Wide. ................................................................................................................ 6

     C.    Typicality: Defendant's Conclusory Argument Against Typicality Fails. ............. 8

V.    ADEQUACY: DEFENDANT'S ADEQUACY ATTACKS AGAINST NAMED PLAINTIFFS AND CLASS COUNSEL ARE FRIVOLOUS. .......................................... 8

     A.    Defendant Ignores Settled Law That an Estate's Representative Can Serve as A Class Representative Even Without Personal Knowledge of The Claims.............. 8

     B.    Defendant's Specious Arguments Regarding Plaintiffs' Testimony and Job Duties Cannot Defeat the Adequacy of Plaintiffs as Representatives................................ 9

     C.    Defendant's Attacks on Class Counsel Distort the Record and Ignore Rule 23(g). ................................................................................................................................ 10

          i.    Defendant ignores Rule 23(g)'s factors for appointing Class Counsel.................. 10

          ii.   The Court should reject Defendant's fictional account of Class Counsel. ........... 11

| VI. | DEFENDANT RECYCLES ITS SAME MERITLESS ARGUMENTS WHILE CHALLENGING THE RULE 23(b)(3) FACTORS. ....................................................... 13 |
| --- | --- |
| | A. Defendant Misstates the "Generalized Proof" Standard in Its Argument Against Predominance. ........................................................................................................ 13 |
| | B. Defendant's Superiority Arguments Disregard Supreme Court Precedent and Rely on the Wrong Legal Standard. ................................................................................. 14 |
| VII. | PLAINTIFFS' NOTICE PLAN IS CONSISTENT WITH MODERN PRACTICE. ........ 15 |

CONCLUSION ............................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Alves v. Care of Putnam, Inc.*,
  2022 WL 1002817 (S.D.N.Y. Mar. 30, 2022) .................................................................. 7, 14

*Atakhanova v. Home Family Care, Inc.*,
  2020 U.S. Dist. LEXIS 129221 (E.D.N.Y. July 22, 2020) ...................................................... 15

*Carollo v. United Capital Corp.*,
  528 F. Supp. 3d 37 (N.D.N.Y. 2021) ............................................................................ *passim*

*Ellis v. Gen. Revenue Corp.*,
  274 F.R.D. 53, 62 (D. Conn. 2011) ................................................................................... 5

*Francisco v. NY Tex Care, Inc.*,
  2022 WL 900603 (E.D.N.Y. Mar. 28, 2022) .......................................................................... 8

*Gonzalez v. Allied Concrete Indus., Inc.*,
  2019 WL 13134862 (E.D.N.Y. July 15, 2019) ....................................................................... 7

*Haw. Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Entm't Holdings, Inc.*,
  338 F.R.D. 205 (S.D.N.Y. 2021) ......................................................................................... 9

*In re Kind LLC Litig.*,
  337 F.R.D. 581 (S.D.N.Y. 2021) ......................................................................................... 8

*In re Scotts EZ Seed Litig.*,
  2015 WL 5502053 (S.D.N.Y. July 7, 2015) ....................................................................... 15

*Jin v. Shanghai Original, Inc.*,
  990 F.3d 251 (2d Cir. 2021) ............................................................................................... 9

*Kloppel v. HomeDeliveryLink, Inc.*,
  2020 U.S. Dist. LEXIS 97677, at *29 (W.D.N.Y. June 3, 2020) ........................................ 4, 5

*Lapin v. Goldman Sachs & Co.*,
  254 F.R.D. 168 (S.D.N.Y. 2008) ....................................................................................... 10

*Martinez v. Agway Energy Servs., LLC*,
  2022 WL 306437 (N.D.N.Y. Feb. 2, 2022) ......................................................................... 9

*Millin v. Brooklyn Born Chocolate, LLC*,
   2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020) ................................................................. 15

*Moreira v. Sherwood Landscaping Inc.*,
   2015 WL 1527731 (E.D.N.Y. Mar. 31, 2015) ........................................................................... 14

*Ramirez v. Riverbay Corp.*,
   39 F. Supp. 3d 354 (S.D.N.Y. Aug. 1, 2014) ............................................................................ 13

*Ramos v. Telgian Corp.*,
   2017 WL 354200 (E.D.N.Y. Jan. 24, 2017) ........................................................................... 7, 8

*Roach v. T.L. Cannon Corp.*,
   778 F.3d 401 (2d Cir. 2015) ..................................................................................................... 14

*Seijas v. Republic of Argentina*,
   606 F.3d 53 (2d Cir. 2010) ....................................................................................................... 11

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ............................................................................................................ 14, 15

*Stinson v. City of N.Y.*,
   2014 WL 5090031 (S.D.N.Y. Oct. 10, 2014) ........................................................................... 13

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .................................................................................................................... 8

**Rules**        **Page(s)**

Fed. R. Civ. P. 23 ...................................................................................................................*passim*

# PRELIMINARY STATEMENT

Defendant's brief is rife with red herrings and strawman arguments. Rather than respond to the merits of Plaintiffs' Rule 23 motion, Defendant repeatedly engages in sophistry and misdirection, attempting to distract the Court with irrelevant issues. Among other things, Defendant conflates Plaintiffs' prior conditional certification motion with the instant Rule 23 Motion; attempts to relitigate matters already decided; and fails to comprehend the difference between summary judgment and Rule 23. Further, Defendant brazenly mischaracterizes Plaintiffs' class definition, ignores binding precedents, and presents the Court with a flawed and erroneous legal analysis. Finally, Defendant falsely disparages the adequacy of Named Plaintiffs and launches baseless *ad hominem* attacks on Plaintiffs' counsel, attempting to denigrate Plaintiffs and their counsel and poison the well. In short, because Defendant's opposition is meritless, the Court should grant Plaintiffs' Rule 23 motion.

# ARGUMENT

## I. DEFENDANT ERRONEOUSLY CONFLATES PLAINTIFFS' PRIOR CONDITIONAL CERTIFICATION MOTION WITH THIS RULE 23 MOTION.

From the outset of its opposition, Defendant misstates the scope of the instant Motion. That is, Defendant first argues that Plaintiffs "conveniently omit facts pertaining to the Court's prior denial of their motion for conditional certification, which included a ruling that reclassification of employees is not indicative or evidence of misclassification." Def.'s Mem., Dkt. No. 204, at 21. But Plaintiffs do not "omit" facts from the prior conditional certification motion; they are completely irrelevant. Plaintiffs do not "seek to provide notice to an unidentified subset of current and former Valentino employees." Dkt. No. 204 at 11. Setting a haphazard tone for Defendant's entire brief, Defendant glosses over the opening section of Plaintiffs' Rule 23 Motion and ignores their Class Definitions of the two proposed classes of individuals who worked for Defendant's

1

***New York corporate office*** as all Full-Time Employees ("FTEs") and Freelancers. Pls.' Mem., at 8.. Unlike Plaintiffs' conditional certification motion, and much to the contrary of Defendant's opposition questioning whether putative class members "worked in Valentino's corporate office or its multiple NY retail stores," Dkt. No. 204, at 10, the Rule 23 Motion seeks only to certify two classes of New York corporate office staff.

## II. DEFENDANT MISREPRESENTS PLAINTIFFS' CLASS DEFINITIONS AND EVIDENCE IN SUPPORT OF ASCERTAINABILITY.

Defendant next misrepresents the scope of Plaintiffs' proposed Rule 23 Classes, injecting confusion where none exists. Far from including any "amorphous" definitions as Defendant argues, Dkt. No. 204 at 11, Plaintiffs very clearly define both classes. Defendant takes issue with Plaintiffs' use of the term "FTE," crying foul that Defendant itself never used that term in defining its employees. Dkt. No. 204, at 12. But Defendant need only look to the immediate subsequent and clarifying clause: "Full-Time Employees paid a salary of under $100,000.00 annually." Dkt. No. 196 at 9. Thus, there is no "undefined subset" of workers, as Defendant misleadingly claims. All full-time salaried employees who worked in Defendant's New York corporate office *and who received annual salaries under $100,000.00* are class members. It is absurd for Defendant to claim that Plaintiffs' abbreviation (i.e., FTEs) when referring to this Class weighs against certification.

Presenting another strawman argument, Defendant next claims that "*the only way to identify* the proposed recipients of such notice would be to first analyze dozens of different positions occupied by hundreds of Valentino employees." Dkt. No. 204 at 11 (emphasis in original). This claim, too, is utterly baseless. Class members are easily identified through Defendant's own employee history, filtering full-time employees who earned under $100,000.00. This is a simple task, as Defendant's corporate representative has already testified that Valentino can - - and does - - generate salary reports "all the time." **Ex. F-2**, 30(b)(6) II, at 87-89.

2

Defendant raises a final specious argument about the scope of the Classes, objecting to Plaintiffs' evidence in support of ascertainability. Specifically, Defendant claims that Plaintiffs rely "exclusively" on a privileged document, Dkt. No. 204 at 23, and that "Plaintiffs' reliance on redacted material to prove anything is not only improper, but violates the Court's order." Dkt. No. 204, at 23. First, as noted above, Plaintiffs rely on more than just that document. *See, e.g.*, **Ex. F-2**, 30(b)(6) II, at 87-89. But this argument wholly misstates the scope of Judge Lehrburger's Orders, and misapprehends the purpose of the Exhibit. First, Defendant cites to Judge Vyskocil's October 7, 2020 Order regarding allegedly misappropriated documents, which were in *unredacted* form. *See* Dkt. No. 204, at 23 (citing Dkt. No. 95). But long after Judge Vyskocil entered this Order, Judge Lehrburger twice granted in part Plaintiffs' separate motions to compel production of some of these documents, and permitted their disclosure in *redacted* form for use herein. *See* **Ex. B**, Tr., at 32-20-33:15 (Jan. 4, 2022); **Ex. A**, Tr.. at 12:24-13:14 (May 16, 2022) (describing distinction between pre-discovery conditional certification, post-discovery Rule 23 motion, and permitting use of documents for Rule 23 purposes at a "group level or higher level. And even department level."); *id.* at 15:3-11 (permitting "examinations of policy or practice at a more global level or across certain departments").

Defendant's feeble attempt to cast a shadow over Plaintiffs and counsel must be quickly swept aside. Indeed, in Judge Lehrburger's May 16, 2022 ruling, the Court expressly permitted class-wide inquiry while using a document that Defendant claims was misappropriated, noting that "merely because it was [allegedly] misappropriated" does not "prevent[] questioning," ruling further that "questions about the genesis of it and general questions about it . . . are appropriate." *Id.*, Tr. at 15:15-16:5. Determining who falls within Plaintiffs' narrow Rule 23 Classes is easily established by competent, admissible evidence; the Classes are easily ascertainable.

**III. DEFENDANT IMPROPERLY POINTS TO THE COURT'S SUMMARY JUDGMENT DECISION WHILE THE ORDER SUPPORTS CERTIFICATION.**

Defendant weakly argues how the Court's summary judgment ruling somehow weighs against Rule 23 certification. Dkt. No. 204, at 22. But Defendant completely fails to appreciate the difference between the governing summary judgment and Rule 23 standards. First, Defendant claims that "[i]n analyzing Plaintiffs' claims, the Court looked at each Plaintiff's unique position and distinct employment circumstances and then applied the law to each Plaintiff's claims individually." Dkt. No. 204 at 22. But this is how the Court analyzed *Defendant's* motion for summary judgment, ultimately finding that disputed issues of fact precluded granting *Defendant's* motion. The only branch of Plaintiffs' motion regarding job duties dealt with whether Crawford was a production or administrative employee; Plaintiffs' Rule 23 Motion does not raise this question at all. In contrast, Plaintiffs' Rule 23 Motion relies on Defendant's common policy and practice of providing "comp days" and other benefits and wages when FTEs worked over forty hours in a week. Defendant ignores that the Court recognized this when ruling on summary judgment, leaving it to the finder of fact to determine *at trial* whether this policy would impact Plaintiffs' classification and damages. Dkt. No. 182, Dec. & Ord., at 30 (observing parties' differing characterizations of whether "comp days" would defeat any fluctuating workweek analysis, ruling that "it will be [a question] for the jury to decide should they reach this issue.").

At bottom, Defendant fails to appreciate that Plaintiffs' Rule 23 Motion need not establish that Plaintiffs will *win* on any issue as a matter of law; rather, Plaintiffs need only demonstrate the existence of common questions of law or fact that can be decided on a class-wide basis at trial. Indeed, courts commonly deny summary judgment while granting class certification **in the same actions**, in both NYLL matters, and in other class actions. *See, e.g., Kloppel v. HomeDeliveryLink, Inc.,* 2020 U.S. Dist. LEXIS 97677, at *29 (W.D.N.Y. June 3, 2020) (granting class certification

for plaintiff while denying defendant summary judgment motion in NYLL independent contractor misclassification class action); *Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 62 (D. Conn. 2011) (denying summary judgment while granting class certification in loan dispute).

The Court's summary judgment decision weighs in favor of *granting* Plaintiffs' Rule 23 Motion, as there is no dispute that the Defendant applied a common policy of paying additional compensation and benefits such as "comp days" when Plaintiffs and the putative members of the FTE class worked over 40 hours in a week. And the Court's decision on *Anderson v. Mt. Clemens Pottery* is easily applicable to *all* putative class members, further supporting certification.

## IV. DEFENDANT BASELESSLY CHALLENGES EACH RULE 23(a) FACTOR, DESPITE VOLUMINOUS RECORD EVIDENCE SATISFYING ALL FACTORS.

Defendant launches a hodgepodge attack on the Rule 23(a) factors. Despite Defendant's scattershot approach, Plaintiffs readily meet their burden on each factor.

### A. *Numerosity: Defendant's Admissions Establish Numerosity For Both Classes.*

Defendant erroneously claims that Plaintiffs "rely exclusively on their 'Exhibit G'" to prove FTE Class numerosity, claiming it is a privileged document. Dkt. No. 204 at 23. As described above, that argument is unavailing based on Judge Lehrburger's prior rulings. While Plaintiffs *could* easily rely on **Exhibit G** for numerosity, Defendant disregards several other exhibits, including Defendant's own Interrogatory responses, where Defendant identifies at least fifteen putative FTE members who were reclassified in 2019, plus an *additional* forty individuals who were no longer working at the time. *See* **Ex. JJ**, at 4-5. Separately, **Exhibit DD** demonstrates that there were eighty-four full-time corporate employees at the time of Defendant's 2019 reclassification, *twenty* of whom were reclassified. Twenty potential class members from a time representing "a small fraction of the relevant timeframe" is a strong indicator of numerosity.

5

*Carollo v. United Capital Corp.*, 528 F. Supp. 3d 37, 53 (N.D.N.Y. 2021). These exhibits demonstrate together how Plaintiffs easily establish FTE numerosity.

Similarly, Defendant's opposition to Freelancer numerosity fails. At the conclusion of 2015, Defendant employed "30-50" Freelancers. **Ex. D**, Pappagallo Dep., at 71-72; **Ex. RR**, Sept. 29, 2015 Email. Defendant also concedes a high degree of turnover among its Freelancers. **Ex. D**, Pappagallo Dep., at 65. Courts have found "numerosity presumed" particularly in cases with high turnover rate. *E.g., Carollo*, 528 F. Supp. 3d at 52–53. In its final challenge, Defendant incorrectly argues that Plaintiffs fail to identify which purported class members "were properly classified as exempt" or who "comprise part of Plaintiffs' proposed classes." Dkt. No. 204 at 24. This, too, is wrong, as Defendant admitted that prior to 2019, *all* FTEs were classified as exempt, **Ex. F-1**, 30(b)(6) I, at 164, while all Pre-2016 Freelancers were classified as independent contractors and none were paid overtime. **Ex. F-1**, 30(b)(6) I, at 36-37; **Ex. D**, Pappagallo Dep., at 74.

    **B.**    ***Commonality: Defendant Completely Ignores Plaintiffs' Arguments Based on Defendant's Own Practices and Policies Causing the "Same Injury" Class-Wide.***

Defendant next attempts to combat commonality by wholly misapprehending Plaintiffs' Rule 23 Motion's core arguments. That is, Defendant claims that "whether each employee in the purported FTE Class can successfully bring a claim depends on if that particular employee qualifies for an exemption under the FLSA . . . require[ing] a detailed analysis of the level of independent judgment and discretion each employee exercised." Dkt. No. 204 at 26. Defendant's argument, another red herring, misses the mark entirely, failing to consider how Defendant's "comp time" policy impacts Defendant's salary basis test problem.

Worse, Defendant claims that the Court's Summary Judgment decision demonstrates how each FTE "worked in a unique role." Dkt. No. 205 at 26. But in contrast, the Court's Summary Judgment decision left open a central question to be decided on this Motion: whether FTEs who

6

were eligible to receive supplemental pay and benefits (like comp time) when working over forty hours in a week destroyed the salary basis test, confirming that they were *all* uniformly misclassified. *See generally* Dkt. No. 196 at 19-21. Their individual job duties are irrelevant to this analysis, as Defendant's common policy providing additional compensation applied equally to all and could defeat the salary basis test as a matter of law class-wide. *See, e.g., Gonzalez v. Allied Concrete Indus., Inc.*, 2019 WL 13134862, at *1 (E.D.N.Y. July 15, 2019) (granting class certification based "banking" overtime hours and paying at later date); *Ramos v. Telgian Corp.*, 2017 WL 354200, at *3 (E.D.N.Y. Jan. 24, 2017) (collecting cases and explaining paying extra "for [ ] weekends, holidays, or nights. . . cannot be said to receive a 'fixed salary.'"). This inquiry looks to *Defendant's* conduct - - not any employee's "independent judgment and discretion." Defendant's attempt to re-write the Court's holding - - stating that the Court "already declined to find [] allowing employees a day off after weekend work constituted additional compensation for hours worked," Dkt. No. 204 at 29 - - is also wrong. Rather, the Court held that this *disputed question* is to be decided by the *trier of fact at trial*, Dkt. No. 182, at 30. Because this common policy applied to *all* putative FTE members, it is perfectly suitable for Rule 23 certification. This was not a mere "informal employee perk," as Defendant now tries to downplay this practice in its opposition. Dkt. No. 204 at 27. Instead, it is a means by which Defendant forced its staff to work overtime hours without overtime compensation. *See* Dkt. No. 182, Dec. & Ord., at 30.

In unpaid wage cases, "the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Alves v. Affiliated Care of Putnam, Inc.*, 2022 WL 1002817, at *21 (S.D.N.Y. Mar. 30, 2022) (citation omitted). Plaintiffs' motion proves just that: putative class members all "suffered the same injury" of misclassification and unpaid overtime compensation, all that is need to establish

7

commonality. *Carollo*, 528 F. Supp. 3d at 53-54 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)). The same is true regarding defendant's uniform treatment of the Freelancer class: *no* pre-2016 Freelancers received overtime because Defendant misclassified them all as independent contractors despite controlling their work. *See generally* Dkt. No. 129, 17-18.

    C.    ***Typicality: Defendant's Conclusory Argument Against Typicality Fails.***

Recycling its arguments, Defendant feebly opposes typicality by claiming "[e]ach purported class member here [] does not have claims arising out of the same course of events and does not make similar arguments to support their claims." Dkt. No. 204 at 32. Once again, Defendant ignores Plaintiffs' arguments. Plaintiffs establish typicality by proving that Plaintiffs' and the class's claims "share the same essential characteristics, [which] ***need not be identical***." *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603, at *8 (E.D.N.Y. Mar. 28, 2022) (citing *In re Kind LLC Litig.*, 337 F.R.D. 581, 595 (S.D.N.Y. 2021)) (emphasis added). All FTEs "share the same essential characteristics" that Defendant's practice of providing additional compensation and benefits when working over forty hours destroys the salary basis test, establishing class-wide liability. *See Ramos*, 2017 WL 354200, at *3 (collecting cases); **Ex. F-2**, 30(b)(6) II, at 90-91. Similarly, for the Freelancer class, before December 17, 2015, Defendant uniformly classified *all* Freelancers as independent contractors, completely controlled their work, and never paid them overtime despite working over forty hours. *See generally* Dkt. No. 196 at 28.

**V.    ADEQUACY: DEFENDANT'S ADEQUACY ATTACKS AGAINST NAMED PLAINTIFFS AND CLASS COUNSEL ARE FRIVOLOUS.**

    A.    ***Defendant Ignores Settled Law That an Estate's Representative Can Serve as A Class Representative Even Without Personal Knowledge of The Claims.***

Defendant challenges the Estate of Josefina Benitez serving as Class Representative on this matter because Mr. Rogelio Benitez - - the Administrator of Ms. Josefina Benitez's Estate and

8

substituted Plaintiff - - will admittedly serve only a ministerial function here. Dkt. No. 204 at 15 n.2, 33. But courts commonly appoint estate administrators as class representatives under circumstances similar to those present here. Indeed, a plaintiff's estate may serve as a class representative, as "[h]is individual knowledge and experiences with Defendant are [ ] irrelevant." *See Martinez v. Agway Energy Servs., LLC*, 2022 WL 306437, at *6 (N.D.N.Y. Feb. 2, 2022). A class representative may "properly depend on class counsel to understand the details of the case," and inadequacy only occurs "in the most extreme instances." *Haw. Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Entm't Holdings, Inc.*, 338 F.R.D. 205, 212-13 (S.D.N.Y. 2021); *Carollo*, 528 F. Supp 3d at 56 (citing *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 263 (2d Cir. 2021)) ("it is class counsel, not the class representatives, who are truly litigating the class's claims.").

Here, naming Plaintiff Rogelio Benitez as one of the class representatives, as the administrator of Ms. Benitez's Estate, is far from extreme. Rather, Mr. Benitez has proven his willingness and diligence to serve as class representative by quickly retaining surrogate's counsel and obtaining letters of administration. *Martinez*, 2022 WL 306437, at *6. Indeed, Mr. Benitez's interests perfectly align with the putative class; his own personal knowledge is irrelevant to his role as class representative. *Carollo*, 528 F. Supp 3d at 56.

### B. *Defendant's Specious Arguments Regarding Plaintiffs' Testimony and Job Duties Cannot Defeat the Adequacy of Plaintiffs as Representatives.*

Defendant next argues that Plaintiffs provided "inconsistent testimony" that is "so lacking in credibility," that they should be deemed inadequate representatives, pointing to interrogatory responses, declarations, and alleged inaccurate hours listed in Plaintiffs' Amended Complaint. *See* Dkt. No. 204 at 34. Defendant again focuses on job duties, arguing that because Plaintiffs "did very different work," they cannot be class representatives. *Id.* at 35. Defendant's argument stumbles.

Courts will only find adequacy lacking if "attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members." *Carollo*, 528 F. Supp 3d at 56 (citing *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 177-78 (S.D.N.Y. 2008)). Defendant disregards that "courts in this Circuit hesitate to disqualify proposed leading class members based only on inaccurate testimony." *Id.* (collecting cases). The specific attacks Defendant raises against Named Plaintiffs are based on inconsistencies between deposition testimony, discovery responses, and declarations, which "offer a less-than-robust attack on [plaintiffs'] credibility, and one not sharp enough to sever [them] as [] class plaintiff[s]." *See Carollo*, 528 F. Supp. 3d at 56. The Court should reject this specious argument, along with Defendant's continued focus on Plaintiffs' individual job duties and refusal to acknowledge its own practices give rise to class treatment.

### C. *Defendant's Attacks on Class Counsel Distort the Record and Ignore Rule 23(g).*

In still another attempt at misdirection, Defendant spends several pages arguing that Plaintiffs' counsel, Joseph & Norinsberg, LLC ("Class Counsel"), is inadequate. Brazenly attempting to rewrite the history of this litigation and reshape prior Orders, Defendant erroneously claims that Class Counsel has somehow engaged in "misbehavior" and has "flout[ed]" court orders. Such extreme exaggeration and outright scandalous accusations must not be permitted. This Court should see through Defendant's gambit, as Defendant egregiously misrepresents Plaintiffs' Counsel's conduct in this litigation, with each argument more farfetched than the last.

#### i. *Defendant ignores Rule 23(g)'s factors for appointing Class Counsel.*

Defendant's opposition weaves an elaborate fiction denigrating Class Counsel. But despite citing stale and inapposite case law, none of Defendant's argument speaks to the proper legal standard governing class counsel's appointment. In addition to the four factors set forth in Fed. R. Civ. P. 23(g)(1)(A), a court must consider whether class counsel demonstrates any conflicts of

interest that might impair its representation. *Seijas v. Republic of Argentina*, 606 F.3d 53, 57 (2d Cir. 2010). Here, Counsel has satisfied each of the four 23(g) factors: Counsel's work and experience are well-documented; as is Counsel's knowledge of the law - - amplified by Plaintiffs' summary judgment practice herein. The commitment and resources expended in litigating this action validates Class Counsel's ability to carry out its duty, and prove no conflict of interest exists.

    ii.   **_The Court should reject Defendant's fictional account of Class Counsel._**

  Despite Defendant's full-throated effort to lambast Plaintiffs' counsel, there have been no findings of any "misbehavior" against Class Counsel. In contrast, Plaintiffs' Counsel has, at all times, complied with both the letter and spirit of all Court orders relating to discovery, including any allegedly misappropriated materials. Specifically, regarding the Learmont materials, on October 7, 2020, the Court ordered that Plaintiffs and Plaintiffs' Counsel: "Return all documents which are so identified, or which previously have been identified, or which as officers of the court, Counsel knows to be subject to a claim of privilege." Dkt. No. 44. Plaintiffs' counsel, on behalf of Plaintiff Learmont, did precisely that. Later, on December 1, 2020, the Court noted that Plaintiff Learmont and Plaintiffs' counsel had "**_permanently deleted_** all Privileged Materials **_in any form or media_** in their possession, custody or control." Dkt. No. 59, ¶ 1 (emphasis added). Despite this unequivocal acknowledgment, Defendant now bemoans that Learmont and Plaintiffs' Counsel did **_not_** keep any materials that they were ordered to, and did in fact, return. Dkt. No. 204 at 37-39.

  Far from amounting to "spoliation," Defendant's spurious argument - - that Plaintiffs' Counsel failed to retain physical copies of the electronic materials returned to Defendant - - is pure sophistry. Indeed, if Plaintiffs' Counsel *had* retained the USB drive, doing so would directly violate the Court's December 1, 2020 Order, which stated that "Learmont agrees that she will not attempt any recovery of any data or files deleted from her One Drive, iCloud or the Laptop."

Dispelling any further doubt arising from Defendant's erroneous "spoliation" claims, Plaintiff Learmont has provided Defendant with a sworn declaration confirming: that the materials provided on the USB-drive in question were, in fact, returned to Defendant; copies were not retained by Learmont or Plaintiff's Counsel; and that the "Index" document Defendant used as an exhibit when questioning Learmont during her deposition - - generated by KLD after imaging Learmont's devices pursuant to the Court's December 1, 2020 Order (Dkt. No. 59) - - identified all documents that were saved on the USB in drive question. *See* **Ex. AAA**, May 18, 2022, Correspondence to Defendant's Counsel Attaching May 17, 2022, Learmont Decl., ¶¶ 11-18.

Next, amidst more grumbling about Plaintiffs' conditional certification motion, Defendant omits that Plaintiffs voluntarily agreed to refile that motion by removing certain materials that Plaintiffs, in good faith, disagreed were actually privileged, avoiding the need for motion practice, and which led to *no* further orders from the Court on this issue. Defendants' attempt to recast the parties' good faith resolution of this dispute as evidence of counsel's "flagrant indifference to Court orders" (Def. Mem. at 39), is a gross distortion of the record and must be rejected.

Defendant also manifestly misrepresents the outcome of Plaintiffs' November 4, 2021 (Dkt. No. 87) and February 16, 2022 (Dkt. No. 99) motions to compel, and wrongly point to them as grounds for inadequacy to serve as Class Counsel. Regarding Plaintiffs' November 4th motion, while Judge Lehrburger did ultimately find that the materials in question were privileged, the court nevertheless also ruled that Defendant had *waived* privilege as to those materials under the at-issue waiver doctrine. **Ex. B**, Tr. at 32-33. More than simply confirming that Plaintiffs had a good faith basis to believe that these documents were *not* privileged, the Court vindicated Plaintiffs' allegations and ordered Defendant to disclose those documents for the Named Plaintiffs and for inquiring about class treatment. Those documents support this Motion and prove a strong

likelihood that Plaintiffs will prevail on liquidated damages and willfulness by demonstrating that Defendant *ignored counsel's advice* regarding the justification for reclassifying its workforce in 2019. Thus, hardly "unethical" or "disqualifying" behavior, Plaintiffs' Counsel's conduct in this litigation is more accurately described as unwavering commitment to the interest of the Class.[1]

## VI. DEFENDANT RECYCLES ITS SAME MERITLESS ARGUMENTS WHILE CHALLENGING THE RULE 23(b)(3) FACTORS.

### A. *Defendant Misstates the "Generalized Proof" Standard in Its Argument Against Predominance.*

Defendant accuses Plaintiffs of "recycling their same arguments" used in commonality, when in fact, it is Defendant who commits this error. Claiming that "each Plaintiff had different job duties, exercised different levels of discretion and independent judgment, and worked in different departments at the company," Dkt. No. 204 at 42, Defendant stubbornly refuses to address Plaintiffs' core argument that Defendant's practices and policies impacted the salary basis test and damages for *all* FTE class members. In so doing, Defendant erroneously claims that "Plaintiffs do not present any evidence that any individuals, other than themselves, were allegedly denied overtime payments *improperly*" (emphasis in original) and that "each class member's circumstances must be reviewed on an individualized basis." Dkt. No. 204 at 42.

Defendant's argument is conceptually flawed and implies that no wage class action can be certified. But in misclassification cases, courts commonly recognize that "individualized factual inquiries **cannot** be avoided," *Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 368-69 (S.D.N.Y. Aug. 1, 2014) (emphasis added), and predominance is nevertheless met where, as here, "***despite differences in the work duties*** of the plaintiffs, there were consistent patterns in the evidence, and

---

[1] Further, Defendant deliberately mischaracterizes the holding in *Stinson v. City of N.Y.*, No. 10 Civ. 4228 (RWS), 2014 WL 5090031, at *2 (S.D.N.Y. Oct. 10, 2014)." Dkt. No. 204 at 40. There, Judge Sweet expressly **permitted** the plaintiffs to "rely on any information learned prior to notification of the inadvertent disclosure for the purposes of litigating the privilege claim." *Id.* at *4.

the proposed class members were uniformly treated as "exempt." *Id.* (citation omitted) (emphasis added). Predominance is further supported where "class-wide proof regarding the defendants' payroll records, financial records, and testimony" help assess Plaintiffs' claims. *Alves*, 2022 WL 1002817, at *22 (citation omitted); *Moreira v. Sherwood Landscaping Inc.*, 2015 WL 1527731, at *13-14 (E.D.N.Y. Mar. 31, 2015) ("employee punch cards and payroll records[] could be used to help resolve issues of Defendants' liability").

Plaintiffs submit admissible evidence supporting how resolution of legal or factual questions "can be achieved through generalized proof, and [that] these particular issues are more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015). For the FTE class, the "generalized proof" is Defendant's own practices such as written corporate policies granting additional pay and benefits for overtime work emails awarding "comp days," and payroll records demonstrating payment of "comp time" benefits at their straight-time regular rates. For the Freelancer class, the "generalized proof" is Defendant's testimony that no pre-2016 Freelancers were eligible for overtime regardless of the hours they worked. Because the "central issue" for both classes rise and fall based on "whether defendants had a 'uniform policy or practice' of denying [overtime] wages for all hours worked" *Moreira*, 2015 WL 1527731, at *13, Plaintiffs meet their burden to show predominance.

> **B. *Defendant's Superiority Arguments Disregard Supreme Court Precedent and Rely on the Wrong Legal Standard.***

Defendant's final cry challenging superiority reaches for a "public policy" argument, pointing to New York C.P.L.R. § 901(b)'s limitation on class actions seeking penalties. Dkt. No. 204 at 44. As best stated by the *Carollo* court: "the less said about that argument the better for defendants' sake . . . Rule 23, not New York's procedural rules, govern whether a class action is permissible." *Carollo*, 528 F. Supp. 3d at 54-55 (citing *Shady Grove Orthopedic Assocs. v. Allstate*

*Ins. Co.*, 559 U.S. 393, 400-01 (2010)). Courts since *Shady Grove* uniformly certify NYLL classes alleging liquidated damages. *See generally, e.g., Avles*, 2022 WL 1002817, at *14; *Atakhanova v. Home Family Care, Inc.*, 2020 U.S. Dist. LEXIS 129221 (E.D.N.Y. July 22, 2020).

## VII. <u>PLAINTIFFS' NOTICE PLAN IS CONSISTENT WITH MODERN PRACTICE.</u>

In its final gasp, Defendant's opposition challenges Plaintiffs' proposed notice plan. Modern notice practice requires defendants to produce contact information to plaintiffs' counsel as a matter of course, while authorizing *electronic* notice as Plaintiffs now propose. *See, e.g., Millin v. Brooklyn Born Chocolate, LLC*, No. 19 Civ. 3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020) (objecting to notice by email and text message is "outdated and not in touch with the reality of current life… . Simply put, email, text message and other electronic means of communication is far more prevalent than snail mail, whether fortunately or not"); *In re Scotts EZ Seed Litig.*, 2015 WL 5502053, at *1 (S.D.N.Y. July 7, 2015) (approving notice plan with targeted ads and direct mail and email). Accordingly, the Court should approve Plaintiffs' notice plan.

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant Plaintiffs' Rule 23 Motion in its entirety.

Dated: New York, New York
June 28, 2024

                                        Respectfully submitted,

                                        JOSEPH & NORINSBERG, LLC
                                        *Attorneys for Plaintiffs and Putative Classes*

By: _____
                                JON L. NORINSBERG, ESQ.
                                MICHAEL R. MINKOFF, ESQ.