UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROGELIO BENITEZ, as administrator of the estate of JOSEFINA BENITEZ, ZION BRERETON, ALICIA LEARMONT, JAMES CHOI and ANDREYA CRAWFORD, on behalf of themselves and all others similarly situated,

       Plaintiffs,

-against-

VALENTINO U.S.A., INC.,

       Defendant.

19-CV-11463 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiffs Zion Brereton, Andreya Crawford, James Choi, and Rogelio Benitez, in his capacity as administrator of the estate of Josefina Benitez (collectively, "Plaintiffs"), bring this action against their former employer Defendant Valentino U.S.A., Inc. ("Valentino") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff Alicia Learmont ("Learmont") additionally brings a claim against Defendant under the New York City Human Rights Law ("NYCHRL"). Currently before the Court is Defendant's Motion for Reconsideration and the parties' briefing regarding this Court's exercise of supplemental jurisdiction over Plaintiff Learmont's sole remaining state law claim. ECF Nos. 188, 183. For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED and the Court declines to exercise supplemental jurisdiction over Plaintiff Learmont's sole remaining state claim.

DISCUSSION

The Court assumes familiarity with the facts as set forth in the Opinion and Order on the Motion for Summary Judgment. *See* ECF No. 182.

I. **Defendant's Motion for Reconsideration Is Denied**

The Court sets forth the legal standards governing motions for reconsideration and concludes that Defendants have failed to satisfy the rigorous standard and therefore, the motion for reconsideration must be denied.

A. **Legal Standard**

S.D.N.Y. Local Rule 6.3 dictates that any motion for reconsideration shall be based upon "the matters or controlling decisions which counsel believes the court has overlooked." The rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Lent v. Fashion Mall Partners, L.P.,* 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (internal citation omitted). In other words, a motion for reconsideration will be denied unless the moving party can point to data "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Robbins v. H.H. Brown Shoe Co.*, No. 08-CV-6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 27, 2009) (citing *Colodney v. Continuum Health Partners, Inc.,* No. 03-CV-7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)).

B. **Defendant Fails to Satisfy the Rigorous Standard Governing Reconsideration Motions**

Defendant claims that this Court: (1) overlooked record evidence regarding Plaintiff Benitez's role; and (2) misapplied the legal standard for Plaintiff Learmont's NYCHRL claim

while overlooking evidence regarding Plaintiff Learmont's intentions in seeking additional leave. ECF No. 190. The Court disagrees. The Court considered the voluminous record evidence provided by both parties and determined that genuine issues of material fact exist. Defendant asks the Court to reconsider its decision based on evidence already presented and considered by the Court. These arguments fail to provide a basis for reconsideration. Defendant also fails to point to any specific controlling decision that might reasonably have altered the result. *See In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 71, 72 (S.D.N.Y. 2007). Because Defendant has failed to satisfy the standard applicable to a motion for reconsideration and, in any event, the Court finds no basis to reconsider the prior Order, Defendant's motion is denied.

## II. There Is No Basis for Supplemental Jurisdiction over Plaintiff Learmont's Remaining State Law Claim

The Court sets forth the legal standards governing the exercise of supplemental jurisdiction over state law claims and finds that there is no common nucleus of operative fact between Plaintiff Learmont's state claim and the remaining federal claims.

28 U.S.C. § 1367(a) grants district courts supplemental jurisdiction to hear state law "claims that are so related to [federal] claims in the action within such original jurisdiction that they form part of the same case or controversy." "A state law claim forms part of the same controversy if it and the federal claim derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (internal citation and quotation omitted). "[I]n determining whether federal and nonfederal claims share a common nucleus of operative fact, the court should look to whether the evidence likely to be used in the specific case in addressing the federal claim is likely to substantially overlap with that used to address the state-law claims." *Thomas v. EONY LLC*, No. 13-CV-8512 (JPO), 2015 WL 1809085, at *5 (S.D.N.Y. Apr. 21, 2015) (internal citations and quotations omitted).

3

Here, Plaintiffs allege that "Plaintiff Learmont's NYCHRL claim arises as a natural consequence of the other Plaintiffs' federal FLSA claims . . . because the facts underpinning her material allegations derive from a common nucleus of fact as the other Plaintiff's federal claims." ECF No. 203 at 2. However, "[c]ourts have consistently held that there is no supplemental jurisdiction over state-law employment discrimination claims when the only common nucleus with the FLSA claim is the existence of a common employment relationship" unless the state employment claim is "intricately connected to the FLSA claim." *Fernandez v. Namdar Realty Grp. LLC*, No. 20-CV-5649 (ERK) (AYS), 2021 WL 4480537, at *2 (E.D.N.Y. Sept. 30, 2021) (internal citation and quotation omitted).

Plaintiffs assert that the state and federal claims "substantially overlap[] . . . insofar as [Plaintiff Learmont's] anxiety and depression were triggered by her years-long attempt to convince Valentino to reclassify its staff, only to face extremely harsh working conditions once that decision was made by her final supervisor, Theresa Fortunato, who personally blamed Learmont for Fortunato's workload and responsibilities relating to the reclassification." ECF No. 203 at 11. This is an attenuated connection. Plaintiff Learmont's NYCHRL claim "turn[s] on whether Plaintiff suffered adverse employment actions and whether . . . discriminatory animus motivated those action" whereas the federal claims can "be resolved through testimony and documents regarding the hours Plaintiff worked and the compensation [they] received." *Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19-CV-814 (VEC), 2019 WL 6251197, at *2 (S.D.N.Y. Nov. 22, 2019) (citing *Jenkins v. Yellowstone Properties, Inc.*, No. 17-CV-7764, 2019 WL 4392955, at *2 (S.D.N.Y. Sept. 12, 2019)) (cleaned up). As such, the Court concludes there is no basis for supplemental jurisdiction over Plaintiff Learmont's state law claim.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion for Reconsideration is DENIED and there is no supplemental jurisdiction over Plaintiff Learmont's remaining state law claim. The Clerk of Court is respectfully directed to terminate ECF No. 188.

Dated: December 17, 2024
New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge