UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROGELIO BENITEZ, as Administrator for the
Estate of Josefina Benitez, ZION BRERETON,
JAMES CHOI, and ANDREYA CRAWORD,
*on behalf of themselves and all others similarly
situated*,

                        Plaintiffs,

            -against-

VALENTINO U.S.A., INC.,

                        Defendant.

19-CV-11463 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiffs Zion Brereton, Andreya Crawford, James Choi, and Rogelio Benitez, in his

capacity as Administrator of the Estate of Josefina Benitez (collectively, "Plaintiffs"), bring this

action against their former employer Defendant Valentino U.S.A., Inc. ("Valentino") alleging

violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Currently before the Court is Plaintiffs' Renewed Motion for Class Certification. ECF No. 193.

Plaintiffs seek to certify two classes: (1) a group of certain non-executive, full-time

employees, who were allegedly not paid overtime; and (2) a group of certain freelance

employees, who were allegedly misclassified as independent contractors. Plaintiffs claim that the

Court can certify these classes because Defendant maintained a uniform policy against each that

violates the NYLL. However, Plaintiffs fail to satisfy several requirements of Rule 23. They fail

to demonstrate that there are a sufficient number of people in each category to satisfy

numerosity. They also fail to demonstrate that common questions of law and fact apply to their

purported classes or that common questions of law or fact predominate. For these reasons and as

set forth below, Plaintiffs' Renewed Motion for Class Certification is DENIED.

## BACKGROUND

Valentino is a global fashion brand that designs, manufactures, and markets luxury designer clothing and accessories. ECF No. 182 at 2. It maintains a corporate office in New York, which employs individuals in various roles and hires both full time employees and freelancers. *Id.* Plaintiff Zion Brereton worked as a freelancer at Valentino from July 13, 2015 until February 14, 2018. *Id.* At first, she worked directly for Valentino as a Sample Management Consulting/Showroom Assistant. *Id.* A few months after she started at Valentino, on January 18, 2016, she became an employee of a staffing company, Pyramid Staffing Group ("Pyramid"), who referred her to Valentino for work. *Id.* Though she was Pyramid's employee, she continued performing the same work at Valentino, which included working with the public relations team to distribute samples. *Id.* She was classified as an independent contractor, and not an employee, for the entirety of her tenure. *Id.*

Plaintiff Andreya Crawford worked as a Corporate Customer Service Representative at Valentino from July 2015 until August 31, 2018. *Id.* at 3. Her role included working with and serving as the primary contact for Valentino's internal wholesale and retail teams, warehouse operations, and external buyers. *Id.* For the first three months of her employment, she was a freelancer and therefore classified as an independent contractor. *Id.* She then became a full-time employee in September 2015 and was classified as overtime exempt. *Id.*

Plaintiff James Choi worked at Valentino as a Junior Financial Analyst from September 6, 2016 until July 20, 2018. *Id.* His role included analyzing financial models, reports, and data, as well as maintaining Valentino's financial analytics. *Id.* Plaintiff Josefina Benitez worked at Valentino as the company's Senior Payroll and Benefits Administrator from July 11, 2016 until October 4, 2019. *Id.* at 4. Her job duties included work on Valentino's time and attendance

policies, as well as completing payroll for the company. *Id.* Like Crawford, both Choi and Benitez were both full-time employees who were classified as overtime exempt. *Id.* at 3–4. In 2019, Valentino reclassified certain employees who were formerly identified as overtime exempt as eligible for overtime. *Id.* at 4.

Plaintiffs filed this suit on December 13, 2019 as a putative class and collective action seeking damages from Defendant for Plaintiffs' unpaid wages and overtime, as well as liquidated damages for Defendant's alleged violations of the FLSA and NYLL. *See* ECF No. 1.[1] On September 20, 2021, the Court denied Plaintiffs' motion to certify the case as a collective action, concluding that: (1) Valentino's reclassification of employees in 2019 was insufficient to establish a common policy and (2) Plaintiffs failed to show that they were similarly situated for purposes of a collective action.

The parties thereafter cross-moved for summary judgment on Plaintiffs' FLSA and NYLL claims. *See* ECF Nos. 154, 157, 158. The Court largely denied both motions. *See* ECF No. 182. In doing so, the Court analyzed, to the extent it could be based on the evidence the parties submitted, certain factors to determine whether Crawford and Brereton were misclassified as independent contractors. This analysis required the Court to examine each Plaintiff's circumstances individually. The Court also analyzed Crawford's, Choi's and Benitez's entitlement to overtime wages. Again, in doing so, the Court undertook an individualized analysis of each Plaintiff's ability to exercise discretion in their respective roles. ECF No. 182 at

---

[1] The Complaint also sought damages from Valentino for Plaintiff Alicia Learmont. She brought claims under the NYCHRL, NYLL and the FMLA. *See id.* Some of Plaintiff Learmont's claims were dismissed at summary judgment, and the Court declined to exercise supplemental jurisdiction over her remaining claims. *See* ECF Nos. 182, 211. The Court also declined to exercise supplemental jurisdiction over Defendant's counterclaims against Learmont. ECF No. 214.

11–15, 22–26. The Court ultimately concluded that Plaintiffs' NYLL and FLSA claims could not be determined as a matter of law.

Plaintiffs now move this Court to certify the Second, Third, and Fourth Claims for Relief in Plaintiffs' operative complaint as a class action with respect to a Full-Time Employee Class and a Freelancer Class. ECF No. 193 at 1. They seek to certify two classes under the NYLL: (1) all non-executive Full-Time Employees paid a salary of under $100,000 annually, and who worked in Defendant's New York corporate office at any time from December 13, 2013 to present; and (2) all freelance employees who worked in New York and were paid a day-rate any time between December 13, 2013 and December 16, 2015.

## LEGAL STANDARD

This Court "may certify a class only if the class meets all of the requirements of Rule 23(a) and the relevant requirements of Rule 23(b)." *Adkins v. Morgan Stanley*, 307 F.R.D. 119, 135 (S.D.N.Y. 2015), *aff'd,* 656 F. App'x 555 (2d Cir. 2016). Pursuant to Rule 23(a), a court must determine whether: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "In addition to meeting the four requirements of Rule 23(a), a class must also satisfy one out of the three sub-paragraphs to Rule 23(b)." *In re IMAX Secs. Litig.*, 283 F.R.D. 178, 187 (S.D.N.Y. 2012). Here, Plaintiff seeks certification under Rule 23(b), which additionally requires "questions of law or fact common to class members [to] predominate over any questions affecting only individual class members." Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard, and the party seeking certification must demonstrate compliance with the Rule's elements through evidentiary proof . . . ." *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12-CV-8450 (JMF), 2013 WL 6061340, at *5 (S.D.N.Y. Nov. 15, 2013) (internal citations and quotation marks omitted). In other words, "the party seeking certification must demonstrate by a preponderance of the evidence that all the requirements of the Rule have been met." *Id.* at *3. A "failure to prove any of these elements precludes class certification." *Deen v. New School Univ.*, No. 05-CV-7174 (KMW), 2008 WL 331366, at *2 (S.D.N.Y. Feb. 4, 2008) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997)).

## DISCUSSION

Plaintiffs fail to meet the standard for class certification. First, they fail to demonstrate the numerosity requirement for both proposed classes. Second, the Court considers and rejects Plaintiffs' arguments that the commonality, typicality, or predominance requirements under the rule are met for either proposed class.

## I.     Plaintiffs Fail to Satisfy Numerosity for the Proposed Classes

"Courts in the Second Circuit presume that the numerosity requirement is met if a putative class has forty or more members." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 131 (S.D.N.Y. 2014) (citing *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011)). However, "plaintiff bears the burden of demonstrating numerosity [and] must show some evidence of or reasonably estimate the number of class members." *Russo v. CVS Pharmacy, In*c., 201 F.R.D. 291, 295 (D. Conn. 2001) (internal quotation and citation omitted). "Although evidence of exact size or identity of class members is not required, evidence of numerosity is nonetheless required." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) (quoting *Lewis v. Nat'l Fin. Sys., Inc.,* No. 06-1308 (DRH) (ARL)

2007 WL 2455130, at *8 (E.D.N.Y. Aug. 23, 2007). "Where a plaintiff's assertions of numerosity are based on pure speculation or bare allegations, the motion for class certification must fail." *Id.*

Plaintiffs seek to certify a Full-Time Employee Class ("FTE Class"), comprised of "[a]ll non-executive Full-Time Employees paid a salary of under $100,000.00 annually, and who worked in Defendant's New York corporate office at any time from December 13, 2013 to Present." ECF No. 193 at 1. The Court understands this class to represent those like Choi, Benitez and Crawford, who Plaintiffs allege were full-time employees, who were allegedly improperly misclassified and denied overtime wages. As evidence of numerosity for the FTE Class, Plaintiffs direct the Court to three pieces of evidence, none of which demonstrate numerosity.

Plaintiffs cite a Salary Review Report, which purports to show the employees whose compensation rate Valentino changed in 2019. ECF No. 197-1. The report contains entries for 286 employees, but all the relevant information is redacted. The undated report does not indicate why the employees' compensation changed, how much they were paid annually and how that amount changed, or where the employees are located.

Plaintiffs also direct the Court to Defendant's interrogatory responses. Defendant states that at least 15 employees were reclassified in 2019, and there were around 40 employees who worked during or after December 2013, but were not reclassified because they stopped working for Defendant prior to 2019 reclassification. *See* ECF No. 194-37 at 5. The response again does not indicate any employees' salary, why any employee was reclassified, or the location of the employee.

Lastly, Plaintiffs identify a July 3, 2019 email indicating that there were 84 full-time corporate employees at the time of reclassification. ECF No. 197-13. Again, the email provides no information about the number of people who fit within Plaintiffs' requested class.

Plaintiffs also seek to certify a Freelancer Class, comprised of "[a]ll 'Freelance' employees who worked in New York and were paid a day-rate any time between December 13, 2013 and December 16, 2015." ECF No. 193 at 1. The Court understands this class to represent those like Crawford and Brereton who were freelancers for Valentino. Plaintiffs claim that "prior to December 16, 2015, Defendant employed between thirty and fifty freelancers, plus turnover." ECF No. 196 ("Mem.") at 17. They direct the Court to deposition testimony, in which Carmine Pappagallo, Defendant's former Chief Financial Officer, states that "there would be a fair amount of turnover of freelancers." ECF No. 194-4 at 65:13–18. They also direct the Court to a September 29, 2015 email stating Valentino "currently ha[s] about 30 – 50 independent contractors/freelancers that [Defendant] pay[s] in any given month." ECF No. 197-21. This scant evidence, however, also does not demonstrate how many freelance employees Valentino employed during the relevant period or whether they were paid a day-rate.

Accordingly, Plaintiffs have not demonstrated numerosity for the classes they seek to certify. Although the Court may make reasonable inferences from available facts, Plaintiffs here have provided no specific evidence to allow the Court to draw such inferences. *See Pagan v. Abbott Labs., Inc.*, 287 F.R.D. 139, 147–48 (E.D.N.Y. 2012). Instead, they ask the Court to rely largely on speculation to find numerosity. The Court declines to do so.

## II.     Plaintiffs Likewise Fail to Demonstrate Commonality, Typicality, and that Common Questions Predominate

Although the failure of numerosity alone requires denial of Plaintiffs' motion, the Court also concludes Plaintiffs have not satisfied the commonality, typicality, and predominance requirements of Rule 23 either.

"Commonality [] requires plaintiffs to demonstrate that the class members have suffered the same injury." *Davis* v. *City of New York*, 296 F.R.D. 158, 164 (S.D.N.Y. 2013) (internal citations and quotation marks omitted). "[T]he claims asserted must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "Therefore, the Court must determine whether any of the alleged questions identified by the Plaintiff are (i) in fact common to the class; and (ii) if so, whether they are capable of class wide resolution." *Callari v. Blackman Plumbing Supply, Inc.*, 307 F.R.D. 67, 76 (E.D.N.Y. 2015).

"The typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 268 (E.D.N.Y. 2019) (internal citation and quotation marks omitted). "The commonality and typicality requirements both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately represented in their absence." *Martinez v. Ayken, Inc.*, No. 13-CV-7411 (LDW) (AKT), 2016 WL 5107143, at *7 (E.D.N.Y. Feb. 29, 2016) (internal citation and quotation marks omitted). "As a result, the commonality and typicality requirements tend to merge into one another. . . ." *Id.*

Similar to the commonality requirement of Rule 23(a), Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." "The predominance inquiry is a core feature of the Rule 23(b)(3) class mechanism, and is not satisfied simply by showing that the class claims are framed by the common harm suffered by potential plaintiffs." *Kronenberg v. Allstate Ins. Co.*, No. 18-CV-06899 (HG) (TAM), 2024 WL 4126306, at *10 (E.D.N.Y. Aug. 5, 2024) (quoting *In re Petrobras Sec.*, 862 F.3d 250, 270 (2d Cir. 2017)). It "requires a showing that: (1) resolution of any material legal or factual questions can be achieved through generalized proof, and (2) these common issues are more substantial than the issues subject only to individualized proof." *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 550 (S.D.N.Y. 2021) (internal citation and quotation marks omitted). "The predominance requirement of Rule 23(b)(3) tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Passman v. Peloton Interactive, Inc.*, 671 F. Supp. 3d 417, 451 (S.D.N.Y. 2023) (internal citation and quotation marks omitted).

### A.  The Proposed FTE Class Fails to Meet These Requirements of Rule 23

Plaintiffs cannot demonstrate that commonality or typicality exists, or that common questions predominate with respect to their FTE Class. To prove their NYLL claim with respect to the FTE class, they need to demonstrate that each member of the class is eligible to receive overtime under the law and that Valentino failed to pay the FTE Class overtime. Unlike cases where all employees share the same job duties and pay rate, Plaintiffs' proposed class is not so limited, as the named Plaintiffs demonstrate. Indeed, Plaintiffs Choi, Crawford, and Benitez each performed distinct roles in different departments at Valentino. *See* ECF No. 182 at 2–4. Because

of that, the Court would, for any class, have to engage in individualized assessments as to who was overtime eligible—just like it did on summary judgment.

Plaintiffs' arguments to the contrary fail. They contend that commonality is satisfied because there are several questions of fact and law common to the proposed FTE class. First, they point to "Defendant's uniform, company-wide policy of awarding incentives for working overtime [which] destroyed the salary basis test for all non-executives regardless of job duties." Mem. at 18. This argument fails for two reasons. First, none of the case law cited by Plaintiff supports their contention that job duties are irrelevant to the inquiry. While individualized class member's *damages* may not defeat commonality, *see Reyes v. City of Rye,* 2016 WL 4064042, at *5 (S.D.N.Y. July 28, 2016), "plaintiffs seeking class certification in an action based on allegations of unpaid overtime wages must examine the putative class members' *actual duties* to demonstrate that these duties were *largely consistent across the class* and that individual differences in job tasks would not be of the magnitude to cause individual issues to predominate." *Youngblood v. Fam. Dollar Stores, Inc.*, No. 09-CV-3176 (RMB) (FM), 2011 WL 1742109, at *2 (S.D.N.Y. Jan. 5, 2011) (emphasis added) (internal citation and quotation marks omitted); *see also Hardgers-Powell v. Angels in Your Home LLC,* 330 F.R.D. 89, 100 (W.D.N.Y. 2019) ("[W]here the employer's liability hinges on issues that demand substantial individualized analysis of each employee's duties, hours, or compensation, predominance is not satisfied.").

Second, while Plaintiffs are correct that "[i]n wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices," the inquiry does not end there. *Alves v. Affiliated Care of Putnam, Inc.,* No. 16-CV-1593 (KMK), 2022 WL 1002817, at *21 (S.D.N.Y. Mar. 15, 2013). A common question is not necessarily indicative of a common answer. Furthermore, "[l]imited, anecdotal

evidence concerning a de facto compensation policy is insufficient to establish commonality." *Fernandez v. Wells Fargo Bank, N.A.*, No. 12-CV-7193 (PKC), 2013 WL 4540521, at *5 (S.D.N.Y. Aug. 28, 2013). "Plaintiffs must produce some 'quantum of evidence to satisfy the commonality and typicality requirements, usually in the form of affidavits, statistical evidence, or both, tending to show the existence of a class of persons affected by a company-wide policy or practice. . . .'" *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-CV-7350, 2009 WL 7311383, at *6 (S.D.N.Y. Nov. 13, 2009) (quoting *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79,* 238 F.R.D. 82, 95 (S.D.N.Y. 2006)).

Plaintiffs have provided none of that evidence here. Although Plaintiffs argue that "Defendant's common policy providing additional compensation applied equally to all," ECF No. 209 ("Reply") at 7, Plaintiffs do not provide sufficient evidence to substantiate this claim. "To prove such policies, plaintiffs could present evidence of the implementation or recognition of these *sub silentio* policies at the senior management level, but such smoking guns are . . . quite rare. In the alternative, plaintiffs must present enough evidence to confidently suggest a uniform, or nearly uniform, practice occurring." *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 289 (S.D.N.Y. 2015), *abrogated in part by Scott v. Chipotle Mexican Grill, Inc.,* 954 F.3d 502 (2d Cir. 2020).

As evidence of the alleged common policy, Plaintiffs state that "[f]or the FTE class, the 'generalized proof' is Defendant's own practices such as written corporate policies granting additional pay and benefits for overtime work, emails awarding 'comp days,' and payroll records demonstrating payment of 'comp time' benefits at their straight-time regular rates." Reply at 14; *see also* Mem. at 13–14. However, Plaintiffs fail to establish that all proposed class members enjoyed this practice, and the record demonstrates that "comp days" were not uniformly implemented. *Cf.* ECF No. 204 ("Opp.") at 18–21 *with* Mem. at 5. "Because the anecdotal

evidence presented in this case does not document consistent and widespread deviations from [Defendant's] formal policy of paying employees for all time worked, the court concludes that the plaintiffs have not proven, by a preponderance, that the [] practices [] of which [Plaintiffs] complain are sufficiently uniform and pervasive as to warrant class treatment. *See Gregory v. Stewart's Shops Corp.*, No. 14-CV-33 (TJM) (ATB), 2016 WL 8290648, at *13 (N.D.N.Y. July 8, 2016), *report and recommendation adopted sub nom. Gregory v. Stewart's Shops Corp.*, No. 14-CV-00033, 2016 WL 5409326 (N.D.N.Y. Sept. 28, 2016) (internal citation and quotation marks omitted).

Additionally, Plaintiffs adduce no evidence that Valentino's offering of perks such as comp days violated the FLSA or NYLL. Courts in this district decline to certify classes where "[f]rom the face of [the company's] corporate policies alone, the Court can discern nothing that violates the FLSA". *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 462 (S.D.N.Y. 2011).

Defendants next argue that commonality is satisfied because "Defendant's counsel advised Valentino that it needed to reclassify its employees because of their job duties." Mem. at 18. However, Valentino's reclassification of its employees in 2019 is insufficient by itself to establish a common policy which might render the FTE Class members similarly situated to one another. *See Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10-CV-8820 (LTS) (THK), 2011 WL 2693712, at *4 (S.D.N.Y. July 11, 2011) ("[T]he mere classification of a group of employees . . . as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy.") (internal citation and quotation marks omitted); *see also Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012) (acknowledging that "numerous courts in this Circuit" have held the same). It follows that a "blanket decision to reclassify employees is not sufficient to establish that potential plaintiffs were victims of a common policy

that violated the law." *McDermott v. Federal Savings Bank*, 2018 WL 1865916 at *6 n.3 (E.D.N.Y. Apr. 18, 2018).

Plaintiffs further fail to establish commonality, typicality, and predominance because they fail to provide sufficient evidence for the Court to determine if the FTE Class' employees were eligible for and due retroactive compensation following Defendant's 2019 reclassification. Though Plaintiffs submit a Salary Review Report with respect to the FTE Class, it is almost entirely redacted. ECF No. 197-1. The document does not, except for Plaintiff Benitez, contain the annual salary of the alleged class members nor whether the employee was re-classified or worked overtime. It similarly lacks any geographic information and is dated from January 1, 2016 to June 13, 2019. The deposition testimony Plaintiffs reference for the first time in their reply papers is similarly vague. *See* ECF No. 194-7. As Defendant identifies, "the proposed class members had a variety of different roles, reporting hierarchies, and job duties across nine different departments." Opp. at 17. The Court is unable to discern, from the evidence presented, whether the proposed FTE class employees were eligible for and due retroactive compensation following Defendant's 2019 reclassification. "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Given the factual differences within the proposed FTE Class, answering the class questions is like to be fact and employee specific. Thus, Plaintiffs have failed to prove that the proposed FTE is sufficiently homogenous to meet the requirements of Rule 23 .

### B. The Proposed Freelancer Class Also Fails to Meet Rule 23 Requirements

The Freelancer Class does not fare better. Plaintiffs claim that the Freelancer Class' claims "arise from the same course of events and will rise through the same evidence" and that "Defendant exercised complete control over all Freelancers, uniformly misclassifying them as

'independent contractors.'" Mem. at 19–20. Under the NYLL, "the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003). Factors relevant to this inquiry include "whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule." *Id.* "The inquiry as to whether an individual is an independent contractor or employee is fact specific and may be employee specific: where did he or she work and what were the conditions there? Who was the supervisor and were representations made? How was he/she compensated? For how long a period was he/she employed?" *Shayler v. Midtown Investigations, Ltd.*, No. 12-CV-685 (KBF), 2013 WL 772818, at *9 (S.D.N.Y. Feb. 27, 2013).

The Court's decision on the parties' motions for summary judgment demonstrates that the claims of Plaintiffs' proposed Freelancer Class are not adjudicable on a class wide basis. *See* ECF No. 182. There, the Court was unable to determine Plaintiff Crawford's, a Corporate Customer Service Representative, and Plaintiff Brereton's, a Sample Management Consulting/Showroom Agent, employment relationship with Valentino. *Id.* at 2-3, 11-15. Here, Plaintiffs do not allege that their duties overlap with each other, let alone with others who could comprise the putative class of collective action plaintiffs. In short, the common question— "whether [the Freelancer Class was] misclassified as independent contractors"—will not yield a common answer. "Instead, answering that question as to each [Freelancer Class member] will require a fact-specific and [employee]-specific examination of the degree of control that [Valentino] exercised in fact." *Saleem v. Corp. Transp. Grp., Ltd.,* No. 12-CV-8450 (JMF), 2013 WL 6061340, at *6 (S.D.N.Y. Nov. 15, 2013).

Plaintiffs' evidence on class certification does not demonstrate otherwise. Plaintiffs submit new hire documents from two Plaintiffs, Defendant's responses to discovery requests, and deposition testimony of both Theresa Fortunato, Defendant's corporate representative, and Carmine Pappagallo, Defendant's former Chief Financial Officer. Mem. at 20. Plaintiff's evidence does not speak to several of the relevant factors to determine that the extent of control Valentino held over the proposed Freelancer Class amounted to an employment relationship. Namely, the evidence does not demonstrate that Plaintiffs Brereton or Crawford, or any members of the proposed Freelancer Class, set their own schedules or controlled when they worked, whether they worked for other companies while working for Valentino, or that they set their rate of pay. Furthermore, the email correspondence and deposition testimony cited with respect to the Freelancer class contain no salary, geographic information, or otherwise identifiable information to demonstrate that Defendant exercised control over all freelancers. In New York, the critical inquiry is "whether the purported employer exercised control in fact over the alleged employee." *Saleem*, 2013 WL 6061340, at *6. Plaintiff's evidence is insufficient to demonstrate this, and thus is insufficient to establish commonality and typicality. As such, Plaintiffs have failed to provide evidence beyond bare allegations with respect to its Freelancer Class.

"A 'failure to meet any one of Rule 23's requirements destroys the alleged class action.'" *Bd. of Trustees of S. California IBEW-NECA Defined Contribution Plan v. Bank of New York Mellon Corp.*, 287 F.R.D. 216, 221 (S.D.N.Y. 2012) (quoting *Jeffries v. Pension Trust Fund of the Pension Hospitalization and Benefit Plan of the Elec. Indus.,* 172 F. Supp. 2d 389, 394 (S.D.N.Y. 2001)). Failure to show numerosity and commonality, typicality, and predominance, is thus dispositive on the matter.

**CONCLUSION**

For the reasons stated herein, Plaintiffs' Renewed Motion for Class Certification is DENIED. The parties are directed to confer regarding trial and to provide their availability for a trial in September, October, or November of 2025. The parties shall also confer regarding settlement and along with the proposed trial dates, include whether they would like to be referred to a Magistrate Judge or the Mediation program. The Clerk of Court is respectfully directed to terminate ECF No. 193, and to terminate Plaintiff Alicia Learmont, Counter Claimant Valentino U.S.A., Inc., and Counter Defendant Alicia Learmont.

Dated: February 20, 2025
         New York, New York

                                                          SO ORDERED.

                                                          _____
                                                          JESSICA G. L. CLARKE
                                                          United States District Judge