UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIANA ROSARIO AS ADMNISTRATRIX FOR THE ESTATE OF PLAINTIFF JOSEFINA BENITEZ, ZION BRERETON, ALICIA LEARMONT, JAMIES CHOI, and ANDREYA CRAWFORD, *on behalf of themselves and all others similarly situated*,

      Plaintiffs,

v.

VALENTINO U.S.A., INC.,

      Defendant.

Case No. 19-cv-11463 (~~MKV~~)

**STIPULATED CONFIDENTIALITY AGREEMENT AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

MARY KAY VYSKOCIL, U.S.D.J.:

  WHEREAS, the parties to this action having agreed to the following terms of confidentiality, and the Court having found good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

  IT IS HEREBY ORDERED that any person subject to this Order shall adhere to the following terms, upon pain of contempt:

**I. Discovery Materials May Be Designated as Confidential**

  1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  2. The person producing Discovery Material may designate as "Confidential" only the portion of such material that consists of non-public business, commercial, financial, or personal

information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its confidentiality obligations to others.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Deposition testimony may also be designated as Confidential within 30 days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Unless otherwise authorized in writing by a producing person, the entire contents of any deposition transcript of any present or former officer, employee, agent, or consultant of a producing person shall be treated as Confidential for a period of 30 days after a full and complete transcript of such deposition has been received by all parties.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter

2

be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

### II. Who May Receive Confidential Materials

5. A receiving party may use Confidential Discovery Material that is disclosed or produced by another party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) senior management, owners, officers, directors of the parties to this action and the parties' employees who counsel for a party in good faith believes reasonably needs to see the Confidential Discovery Materials;

(b) counsel for the parties hereto, including any attorney, paralegal, clerical, or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(f) Independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(g) Mediators; and

(h) the Court, including an appellate court, its support personnel, and court reporters.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraph 5(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

### III. Filing Confidential Materials in this Action

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court pursuant to the procedures set forth in the applicable rules and individual practices set forth in Section 5 of the Court's Individual Rules of Practice in Civil Cases and kept under seal until further order of the Court and/or as the applicable rules require. The parties will use reasonable efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same in the form required by applicable rules.

8. Any party who either objects to any designation of confidentiality, may at any time

prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the party objecting to the confidentiality designation may seek a ruling from the Court regarding the designation in the manner permitted by applicable rules. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential under the terms hereof. Any deposition witness who is given access to Confidential information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

9. If another court, agency, or person subpoenas or orders production of Confidential Discovery Material that a party has obtained under the terms of this Order, such party shall provide prompt actual written notice by electronic transmission to counsel of record for the adverse party (and, additionally, if the Confidential Discovery Material at issue was produced by a nonparty, to that nonparty), no later than three (3) business days of receipt of such subpoena, court order, or request, or within such shorter time period as may be required to provide the other party with a reasonable opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Order, and shall cooperate with the other party in order to give the other party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. The party receiving the subpoena, court order, or request shall not produce

the Confidential Discovery Material if the other Party timely applies for a protective order for such Confidential Discovery Material or otherwise takes timely, appropriate steps to protect the materials, unless the Court from where the subpoena was issued directs otherwise or the party who produced such Confidential Discovery Materials consent in writing. To give the other party an opportunity to obtain relief from the subpoena or order, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or court order. Nothing in this Order requires or is meant to permit a party to disobey a lawful directive from a court.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

## IV. INADVERTENT PRODUCTION OF PRIVILEGED OR WORK-PRODUCT MATERIAL

11. In addition to the terms of any applicable agreements and Court orders, the parties agree to abide by the obligations set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 with respect to the inadvertent production or other possession of privileged or work-product protected material. For sake of clarity, nothing herein is intended to supersede or contravene the terms and conditions of the Court's October 7, 2020 order [Dkt. 44] or the parties' Stipulation And Order Regarding The Protocol For Forensic Imaging Of Alicia Learmont's Laptop Computer And Related Computer Back-Ups [Dkt. 59].

12. If, during the course of this litigation, a party reasonably determines that any document produced by another party or non-party or otherwise in their possession, custody or control is potentially subject to a legally recognizable privilege or work-product protection ("Protected Document"), the party who has such Protected Document shall: (1) refrain from

reviewing the Protected Document any more closely than is necessary to ascertain that it is potentially privileged or otherwise protected from disclosure; (2) immediately notify the Producing Person in writing that it has discovered documents believed to be privileged or protected; (3) specifically identify the Protected Document(s) by either Bates number range or date, author, recipient(s) and general subject matter; and (4) within 5 days of discovery by such party, return or destroy all copies of such Protected Document(s), along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of such party, that party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document cannot possibly be returned or destroyed, such Protected Document shall not be reviewed, disclosed, or otherwise used by that party.

13. If the Producing Person intends to assert a claim of privilege or other protection over documents identified by the other party as Protected Documents, the Producing Person will promptly inform the receiving party of such intention in writing and shall thereafter provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that a material portion of a Protected Document does not contain privileged or protected information, the Producing Person shall also provide to the other party a redacted copy of the document that omits the information that the Producing Person believes is subject to a claim of privilege or other protection.

14. If, during the course of litigation, a party determines that it has produced a Protected Document, the Producing Person shall notify in writing the receiving party within 10 days of discovering that it inadvertently produced the Protected Document, and demand the return of such

document. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Person's written notice will identify the Protected Document inadvertently produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. The receiving party must then immediately return or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document cannot possibly be returned or destroyed, they shall not be reviewed, disclosed, or otherwise used by the receiving party. To the extent that the information contained in a Protected Document has already been used or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the Producing Person described above, then the receiving party shall return or destroy such documents or such portion of such documents which contain information from the Producing Person until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

15. The receiving party's return or destruction of a Protected Document as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned or destroyed documents on the ground that the documents are not, in fact, subject to a viable privilege or protection.

16. Nothing contained herein is intended to, or shall, serve to limit a party's rights regarding the Protected Documents under prior stipulation, court orders or applicable law.

17. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Federal Rule of Evidence 502(d) and (e).

**IV.  Termination of the Litigation**

18. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or destroyed. Notwithstanding the foregoing, nothing set forth in this Order shall require the destruction of attorney work product, provided that it is maintained as confidential pursuant to the terms of this Order.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. This Stipulation shall be legally binding on the parties and all those persons who are authorized to receive Confidential Discovery Material upon execution of this Stipulation by counsel and prior to it being So Ordered by the Court.

SO STIPULATED AND AGREED.

JOSEPH & NORINSBERG, LLC

By: _____
Jon L. Norinsberg
Chaya Gourarie
110 East 59th Street
Suite 3200
New York, New York 10020
Tel.: (212) 791-5396
Fax: (212) 406-6890
jon@norinsberglaw.com
chaya@norinsberglaw.com

GODDARD LAW

Megan Goddard, Esq.
39 Broadway, Suite 1540
New York, New York 10006
(646) 504-8363

*Attorneys for Plaintiffs*

MORRISON COHEN LLP

By: _____
Keith A. Markel
Fred H. Perkins
John B. Fulfree
Christopher W. Pendleton
909 Third Avenue
New York, New York 10022
Tel.: (212) 735-8600
Fax: (212) 735-8708
fhperkins@morrisoncohen.com
kmarkel@morrisoncohen.com
jfulfree@morrisoncohen.com
cpendleton@morrisoncohen.com

*Attorneys for Defendant and Counterclaim Plaintiff*

Application GRANTED. The Clerk of Court is respectfully directed to terminate ECF No. 187.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: March 28, 2025
         New York, New York

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMIANA ROSARIO AS ADMNISTRATRIX FOR THE ESTATE OF PLAINTIFF JOSEFINA BENITEZ, ZION BRERETON, ALICIA LEARMONT, JAMIES CHOI, and ANDREYA CRAWFORD, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>VALENTINO U.S.A., INC.,<br><br>Defendant. | Case No. 19-cv-11463 (MKV)<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____              _____